No. 9780.

## C. A. A. PIRONI VS. JULIA RILEY, WIFE OF E. J. DEHART.

An action (the object of which is the nullity of certain judicial proceedings had in a succession, and the payment of a legacy), when allotted to a division of the District Court for the parish of Orleans, other than that to which the succession proceedings had been previously allotted—can be properly transferred from the former to the latter, on exceptions of defendant. The judge of the division to which the case was allotted has no authority to dismiss the suit, *simply* because it was improperly allotted to his division.

Such action is not necessarily divisible, its purpose being the payment of a legacy out of the assets of a solvent succession, though the proceedings attacked show it to be insolvent.

As a rule, a universal heir or legatee, who accepts unconditionally a succession which he inherits, is bound personally for the debts thereof; but, not for the special legacies, the discharge of which is restricted to the *residue* of the estate.

Pironi vs. Riley.

The suit for the nullity is the foundation for the payment of the legacy.

The judge of the division to which such suit is transferred cannot maintain jurisdiction over the demand in nullity and relegate that for the payment of the legacy to the division whence the suit came ; the less so, when the plaintiff acquiesces in the transfer and invokes the jurisdiction of the court, in the last division, for a determination of the merits.

The jurisdiction of a court, competent, *ratione materiæ*, represented by divisions, may be assented to, in any division before which the cause or matter may be pending. Each division exercises all the powers of the court it represents.

Nowhere does the Constitution forbid the trial, without previous allotment, of cases by the judge of a division of the Civil District Court for the parish of Orleans, where the parties do not object or assent to such trial.

An action for the nullity of succession proceedings and for the payment of a legacy involves demands intimately connected and blended. It is properly brought against the duly recognized universal legatee *alone*, when the executor is dead ; where there is none ; where there is no need of appointing one, and when the executor would have no interest in maintaining the proceeding attacked. The judgment to be rendered will bind all parties and constitute *res judicata*.

The executor is not a necessary defendant. The universal legatee duly recognized, being the only one concerned in upholding the proceedings levelled against, is properly made the *sole* defendant.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Charles F. Claiborne*, for Plaintiff and Appellant.
*G. Duplantier* and *W. Handlin*, for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit by a special legatee against an universal legatee, for the payment of her legacy.

The suit was allotted to Division E of the Civil District Court for the city of New Orleans. Exceptions were filed to the effect that, inasmuch as the action assailed the validity of certain proceedings in the *mortuaria*, Division E had no jurisdiction and that the case had to be allotted to the Division to which the succession proceedings had been allotted:

It appearing that the *mortuaria* had been allotted to Division C, and, considering the exceptions to be well founded, the judge of Division E referred the case to Division C, without going through the ceremony of a formal allotment. The record was accordingly transmitted.

The defendant there pleaded that the order of transfer was unconstitutional and that, under article 130 of the Constitution, the judge of Division E could only *dismiss* and not *transfer* the suit.

The judge of Division C considered that the suit involved two objects: The payment of the legacy and the nullity of the proceedings attacked.

He therefore retained jurisdiction over the suit to annul, but referred back to Division E, the action for the recovery of the legacy.

Passing upon the merits of the controversy, as presented by the pleadings, the judge further decided that, for want of proper parties he could not determine of the validity of the *mortuaria* proceedings assailed, and so dismissed the suit.

The plaintiff appeals from the adverse rulings, referring back the money demand to Division E and dismissing the suit for want of necessary parties.

I.

It is unnecessary to determine whether the case ought or not to have been allotted when brought, or if it was then properly allotted.

Neither is it useful to decide whether the case thus allotted was properly referred to Division C, to which the *mortuaria* had been allotted.

The plaintiff submitted voluntarily both to the allotment to Division E and to the reference of the case to Division C.

The objections of the defendant to a trial of the case by Division E having been sustained, he had no ground to complain when the case was referred to Division C. His object was to have the case tried and decided by the judge of another division, and that object he accomplished by the reference made of it to Division C.

He claims, however, that the judge of Division E ought not to have referred the case to Division C; that he ought to have *dismissed* the suit.

Why dismiss the suit? The Civil District Court had jurisdiction over the suit brought to recover an amount exceeding by far the lower limit of its jurisdiction. When the suit was instituted before that court, it was therefore brought before a court competent to hear and determine it.

It is true that, for the purpose of exercising its powers, that court is represented by five divisions, each presided over by one judge, and that each division can wield and apply all the powers of the court in cases before it; but not one of those divisions has a right to dismiss a suit of which the court has undoubted jurisdiction, merely because it was allotted irregularly to that division instead of going to the division to which it properly belongs.

As the *mortuaria* proceedings had previously been allotted to Division C, and as the present action was an outgrowth of those proceedings, or are necessarily connected therewith, it was eminently proper for the judge of Division E to refer it to Division C.

The law does not require vain things. Had the suit been dismissed, that would have required of plaintiff to pay costs not legally due then, and to have brought a new suit, which would have had again to be allotted, and *non constat* that then it would have gone to Division C, to which it properly belonged. It might have gone to another division.

It would have been imposing on plaintiff an unauthorized hardship, and it was therefore the duty of the judge of Division E to have transferred the case to Division C, as he did.

What occasion has the defendant to complain of the transfer as made?

Nowhere does the Constitution say that no division of the Civil District Court for the Parish of Orleans shall hear and determine a case, not regularly allowed to it, when parties make no objection or consent.

With a view to correct previous abuses, the Constitution wisely provides for the allotment of cases before that court, and this Court, after mature consideration of the spirit and letter of the provision, has held that it is not *mandatory* but merely *directory.* Therefore, in the absence of objection for want of an allotment, the parties are viewed as assenting to the jurisdiction as though the allotment had been made and the division is authorized to exercise over the controversy all the powers of the court itself. Buisson's case, 33 Ann. 1425.

The Constitution, however, provides and has been construed as meaning differently in criminal matters. Adotto's case, 34 Ann. p. 1.

Hence we conclude that, as the plaintiff voluntarily executed the order of transfer from one division to another, rendered in exceptions of defendant, and has invoked the jurisdiction of the division to which the case had been transferred—she (plaintiff) has exercised a right of waiver if the transfer was objectionable, and that the defendant cannot complain.

The judgment to be rendered will bind alike all the parties to this suit and so constitute *res adjudicata.*

## II.

The next question to be considered, is whether the judge of Division C had a right to divide the suit, to retain jurisdiction over part and to refer back the other part to Division E.

Further, whether he properly dismissed the suit for want of necessary parties.

(a) The petition is lengthly, not uselessly so however.

20

The object of the suit was the recovery of a special legacy from a universal legatee, duly recognized.

To recover in such case, the law requires that the legatee be restricted in the satisfaction of the judgment which he may recover to the succession assets—and does not permit satisfaction out of the property of the heir, testamentary or legal. That heir, by accepting the succession makes himself liable, personally, only for the debts, but not for the legacies which must be discharged out of the succession property. R. C. C. 1013. In such a case, the heir may relieve himself by abandoning to the legatee what remains after payment of the debts. R. C. C. 1465, 1511, 1512, 1634, 1635.

It therefore became necessary for the plaintiff to allege that, after payment of the debts, there remained succession property, of whatever nature, out of which her legacy could be satisfied. As, from an inspection of the *mortuaria* proceedings, it would appear that the succession was absorbed by the debts, and was therefore insolvent and, as the plaintiff considered that those proceedings had been fraudulently combined by the executor and the universal legatee, for the very purpose of showing a state of insolvency and thus defeating, if possible, the payment of the legacy—she charged with precision the reasons for which those proceedings, as far as they injuriously affected her, should be annulled and revoked.

The allegations and charges made to that end were proper to put the defendant on her guard and to enable her to prepare her defense. They constitute a proper foundation for the recovery of the legacy.

They were conclusive to the end in view and did not constitute a distinct and separate suit.

The two demands, for the nullity of the succession proceedings attacked and for the payment of the legacy, were the one, the foundation of the other and therefore so intimately blended that they well could be set forth and conducted *pari passu.*

This is so true that, unless the proceedings assailed are set aside, the plaintiff cannot recover the legacy from the defendant, as it can be discharged only out of the residue of the succession. The existence of such residue, actual or constructive, is an essential condition precedent for satisfaction of the legacy.

Ruling as we do, we do not wish to be understood as saying that an heir, or a universal legatee, who accepts unconditionally the inherited estate, may or may not be held liable for the payment of a special legacy, in a proper case.

We simply hold that the plaintiff has brought but one suit, which

was in character and object, as framed, indivisible and that there is error, in the transfer to another division of the money demand.

(b) It remains now to be considered whether the case was properly dismissed for want of proper parties.

The suit is brought against the universal legatee duly recognized though not put in possession by a formal decree.

The proceedings levelled against, were conducted by the executor appointed by the will, who died long before the institution of the suit, but after he had completely administered upon the succession entrusted to him, though he was never regularly discharged from his functions by the court.

The will had given him the usufruct of the succession during life, and that usufruct, whether nominal or valuable, determined at his death.

When he departed from this world, there was nothing apparently to be further administered upon, which would have justified the appointment of a dative executor. The succession property had been sold and adjudicated to the universal legatee who had accepted the sucession unconditionally.

It is a wise rule that, in suits for the nullity of judgments, all who are interested in maintaining the judgment attacked ought to be made parties; but we fail to perceive how the rule can be invoked in a case in which the only party concerned (the universal legatee) in maintaining the proceedings assailed, has been made defendant. We are powerless to discover what interest the deceased executor or his succession has in maintaining proceedings carried on by him.

It would have been an idle work to undertake to have a dative executor appointed when none was necessary, when an inventory of the succession would have disclosed no property whatever on which to administer, and when there would have been no foundation on which to base the amount of the bond to be given and required by law.

We are at a loss to discern what benefit can be derived or injury sustained by the universal legatee in finding that she is the only essential party, and that therefore no other needed be made.

It is therefore ordered and decreed that the judgment appealed from is annulled and reversed.

It is further ordered and decreed that Division C of the Civil District Court retain jurisdiction over the demand for the payment of the legacy transferred to Division E of said court; that this case be reinstated; that the exception of want of proper parties be overruled; that the defendant do now answer to the merits, and that the case be further proceeded with according to law, the defendant to pay costs of appeal.