The opinion of the court was delivered by
Miller, J.
This appeal is by the legal heirs- of William Heffner from the judgment dismissing their rule to compel the production by the executor under a will annulled by judgment, of all the succession assets which came into his hands while acting as executor.
After the will was annulled the displaced executor filed his account, which, on the opposition of the legal heirs, the present appellants, was the subject of the judgment of the lower court brought up by appeal to this court in 1896. Our judgment made some changes in the account but the result of the litigation.was the judgment of the lower court now final, decreeing the legal heirs be put in possession of three-fourths of the succession property, and that they recover from the executor that proportion of the succession funds in his hands. Pending the appeal, which was devolutive, to this court, the heirs took the rule to compel the delivery of the succession assets, *1444 and it is that rule the dismissal, of which is the subject of this appeal. The rule directed against the executor, as well in his official capacity as personally, was met by the exceptions of no cause of action and res judicata based on the judgment of the District Court. The exception of res judicata was sustained, the lower court being of the opinion that the heirs were confined for relief to an execution on their judgment, and that the ultimate relief proposed by the rule was imprisonment for debt, prohibited by our law.
This is the case of an executor who, under the judicial authority conferred by his letters, has obtained a large amount of property, which, by the judgment annulling the will, should have been turned over to the legal heirs. He now meets their demand with exceptions accompanied by the avowal that he has disposed of the funds in his hands, and their only remedy is an execution against him, not apt, we are advised by the record, or, at least, it seems to be conceded, to prove barren of any relief. We do not think, however, there is room in this case for the discussion, whether or not the execution can reach any property. Nor do we think it any answer to the rule that he has thought proper to dispose of the property in his hands in violation of his trust. We think such an answer strengthens, if any support was needed, the demand of the heirs for the full measure of relief the court is competent to give.
The judgment fixing the amount in his hands belonging to the heirs and decreeing its payment contemplated performance by him and was not intended, nor under the law does it afford him that protection his exception supposes. The power of the courts to order the delivery of the property to those entitled to it, coming into the hands of an executor whose office is afterward vacated by the decree annulling the will, is undoubted. Sterlin’s Executor vs. Gros, 5 La. 100. The rule calls for the exercise of that power. This power, so necessary to the efficient administration of justice, we do not think is parted with, or its exercise precluded by the judgment ascertaining the amount for which the executor is liable, accompanied by the decree for that amount in favor of the heirs. It is claimed the Code of Practice points out the execution for debt as the remedy in cases of this character. The articles in part refer to creditors whose judgments the administrator or executor fails to pay; the Code also deals with the procedure of the heirs to obtain possession of the succession property. The appellants do not claim as creditors. On *1445 any view of the articles of the Code an order that the executor deliver to the heirs the property in his hands must be deemed within the competency of the court. C. P., Arts. 1009, 1012, 1013, 1054, 1056, 1057. The power to give that order is the only issue the case presents, and, in our opinion, precludes the discussion of other issues raised in the defendant’s brief and in the opinion of the lower court. We think the order should be made, and that question is all we feel called on to determine.
It is therefore ordered, adjudged and decreed that the judgment of the lower court on the rule be avoided and annulled, the case be' and is hereby remanded, with the direction that the lower court make the rule absolute, so as to order the defendant to deliver to the heirs the amount of the succession funds in his hands accruing to them dxed by the judgment of the lower court, to-wit: nine thousand eight hundred and ninety-seven dollars and twenty-nine cents, with five per cent, interest from 21st November, 1896, and costs.