LAND, J.
Plaintiff, as purchaser, sued the defendant, as vendor, for specific performance of his promise to sell certain real estate in the city of Shreveport, and for damages for attorney fees, and for the rental value of the property from the date of the defendant's refusal to execute an act of sale pursuant to the agreement. Defendant answered that he was ready and willing to execute the deed of sale. There was judgment ordering specific performance as prayed for by the plaintiff, but denying his demand for damages.
Plaintiff appealed to the Supreme Court, and that tribunal ordered the judgment to be amended by condemning the defendant to pay damages based on the rental value of the property. See 124 La. 869, 50 So. 778. The only issue before this court on the appeal was the question of damages.
After the judgment of this court became final, the defendant filed a rule in the district court, tendering performance and praying that the plaintiff be ordered to show *149 cause why he should not accept the deeds and sign the notes in accordance with the judgment of specific performance.
Plaintiff answered the rule, and in his turn ruled the defendant to show cause why he should not comply with the contract and cancel a certain mortgage for $3,500 on the property, which had not leen assumed by the plaintiff as part of the price.
It may be stated in this connection that the agreement to sell was silent as to this mortgage note, and that it was not mentioned in the judgment ordering a specific performance of the agreement.
Plaintiff also ruled the defendant to show cause why he should not be punished for contempt for his refusal to cancel said mortgage.
The judge a quo on January 19,1910, rendered judgment dismissing the rule of the defendant, with costs, for the reason that he had failed to show that he had ever offered to make deed and cancel the $3,500 mortgage note, and ordering that the rule of the plaintiff be made absolute, and that the defendant cancel the $3,500 mortgage note, and make deed to the plaintiff in accordance with the contract and judgment of the Supreme Court in said cause. The judgment is silent as to the alleged contempt. Defendant filed a motion for a new trial, which was overruled.
Plaintiff then ruled the defendant to show cause why he should not be punished for contempt of the court in not having complied with its judgment of date January 19, 1910.
Defendant answered that he was not in possession of said note, and had never been since the date of its issuance, and that said note is the property of a third person, over whom the respondent has no control. Defendant further answered that he was ready and willing to make plaintiff a deed to the property in controversy.
The rule of the plaintiff was dismissed as of nonsuit, because of the want of previous demand on the defendant to comply with said judgment.
The plaintiff filed another rule for contempt on the same grounds, alleging demand on the defendant and his refusal to comply with the judgment aforesaid.
This rule was tried, and judgment was rendered in 'favor of the defendant. Plaintiff has appealed. Defendant’s motion to dismiss, on the ground that two appeals will not lie from the same judgment, is without merit.
The first question in the case is whether such an order can be enforced by the process of contempt.
Article 036 of the Code of Practice provides for the enforcement of judgments ordering the doing of specific acts, by the writ of distringas. This article applies to judgments rendered in the ordinary course of judicial proceedings, but not to mandamus, or other peremptory writs. State ex rel. Bauman v. Judge, 38 La. Ann. 43, 58 Am. Rep. 158. The remedy by writ of distringas excludes the power of the court to punish for contempt. State ex rel. Hero v. Judge, 36 La. Ann. 354; State v. Civil District Court, 112 La. 182, 36 South. 315.
The Heffner Case, 49 La. Ann. 1443, 22 South. 380, and 50 La. Ann. 552, 23 South. 478, has no application, as Heffner was the executor of an estate, who had received money in his fiduciary capacity.
If the process of contempt can be used to compel the execution of a verbal agreement to cancel a mortgage, it may also be employed in all other cases where specific performance of any agreement is ordered.
The judge below dismissed the rule for contempt on the insufficiency of the evidence as to defendant’s possession and control of the note, but we prefer to rest our decision *151 on the ground that the case presented is not one for contempt proceedings.
Judgment affirmed.