No. 8687.
Orleans Appeal.

## SUCCESSION OF R. MOORE ON RULE AGAINST PETER J. FLANAGAN, Appellee.

(April 27, 1925, Opinion and Decree.)
(May 25, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Executors and Administrators—Par. 346.**
A rule is the proper proceeding against an administrator to compel him to account for and produce the succession assets that came into his possession while administrator, even though his term of office has expired.

2. **Louisiana Digest—Executors and Administrators—Par. 116.**
The Court that appointed him is the only one that has jurisdiction over him in such a case.

3. **Louisiana Digest—Pleading—Par. 62.**
In filing an exception of no cause of action the better practice is to allege in what particular the petition sets forth no cause of action.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

Judgment that ruled was not the proper proceeding against the administrator to compel an accounting.

Judgment reversed and case remanded.

M. D. Dimitry, attorney for J. Flanagan, administrator and appellee.

Jas. Wilkinson, attorney for Board of Commissioners.

Purnell M. Milner, attorney for Louisiana Contracting Co.

Monroe & Lemann, attorneys for Mrs. Hattie B. Moore, executrix and appellant.

Loys Charbonnet, attorney for Jas. A. Robin, Public Admin.

CLAIBORNE, J. Rittenhouse Moore died in New Orleans on July 3, 1916; Peter J. Flanagan, Public Administrator, was appointed administrator of his succession on August 8, 1916. On October 4, 1916, he

filed a provisional account upon the debit side of which he placed the following items: "Future costs, $250". The account showed:

Cash on hand ............................................$13,760.00
Debts, including the item of future
    costs ........................................    7,044.65
                                         _____
Leaving a balance of ...............................  $6,715.35

On May 9, 1917, Flanagan, Administrator, filed a second provisional account. The first item on said account is as follows:

"Balance on hand as per first pro-
    visional account ............ ...... . .... ......$6,715.35
Liabilities (3 items) ..................... ......    627.50
                                         _____
    Balance on hand..... .......... .......... ...... $6,087.85

This account was homologated May 23, 1917.

No evidence was offered to prove the correctness of any particular item on either the first or second account except the testimony of the attorney for the Administrator that the accounts had been prepared under his direction and were true and correct.

On June 15, 1917, Zimmern filed suit claiming $2,378.82 from the succession.

Meanwhile Hattie B. Moore was appointed executrix of the testament of the deceased Rittenhouse Moore by the Probate Court of Mobile, Alabama, the domicile of the deceased, and by order of Court herein rendered on August 17, 1917, Flanagan, Administrator, was ordered to pay over to her $3,087.85 out of the funds in his hands, retaining $3,000 to meet Zimmern's claims.

Flanagan's term of office as Public Administrator expired on March 5, 1918, and James A. Robin was appointed Public Administrator as his successor. By order of Court rendered March 27, 1918, right or wrong, he was also appointed administrator of this succession with the consent of Flanagan's attorney.

On October 21, 1919, Robin, Administrator, Hattie B. Moore, Executrix, and Zimmern agreed upon the payment of $500 to Zimmern in payment of his claim and upon the payment of $2,500 to Mrs. Hattie B. Moore, Executrix, being the balance remaining of the $3,000 retained by Flanagan, Administrator.

By an order of Court rendered October 23, 1919, Robin, Public Administrator, was authorized to pay out of the balance of $200 "reserved for future costs herein" to Robin $66.66, to his attorney $66.66, and to the attorneys for Mrs. Moore $66.66, in part payment of their fees.

N. B. There seems to have been some confusion about the amount reserved for future costs. The record says "$250" and the above pleadings mention "$200". It would appear from the above order that only $50 remained unaccounted for.

On March 21, 1922, Mrs. Hattie B. Moore, Executrix, took a rule upon Peter J. Flanagan, in which she suggested that she was entitled to have an accounting from him of the disbursements made out of said balance of $250 reserved by him for future costs according to his first provisional account of October 4, 1916, and to have paid to her the balance remaining after deducting all proper disbursements therefrom.

Flanagan excepted to the rule on three grounds:

1st. That the rule was not the proper proceeding, that it should have been by petition and citation.

This objection is answered by the Succession of Heffner, 49 La. Ann. 1443, 22 South. 380, where it was held that a rule was the proper proceeding to compel an executor under a testament annulled by judgment to produce all the succession assets which had come into his hands while acting as executor. Succession of Katie Townsend, 37 La. Ann. 405.

2nd. That the rule shows no cause of action. The exception does not disclose in what particular the rule shows no cause of action. This practice has been justly criticized in Avis vs. Arkansas Southern R.

Company, 117 La. 324, 41 South. 587. In argument it has been stated that there is no allegation that Mrs. Moore has been recognized as executrix under the laws of Louisiana. Her letters from the Alabama Court are in the record. But defendant in his answer to the rule has not denied her capacity, and from the record it appears that her capacity has been judicially recognized by the Court and by Flanagan himself in these proceedings.

3rd. It has also been urged in argument that the matter urged in the rule should have been the subject of a separate suit and should have been allotted under the law and the rules of Court.

C. P. 997 provides that:

"The Judges of the Courts of Probate who have appointed persons administering successions, alone have the power of compelling them to account and pay over what they may be found to owe."

Sec. 9 of Rule VIII of the Civil District Court provides that proceedings not in their nature original but growing out of proceedings previously pending shall not be docketed as separate suits but shall be treated as parts of original suits. Pironi vs. Riley, 39 La. Ann. 302, 1 South. 675.

Besides defendant did not make the objection before the District Court. See Pironi vs. Riley, 39 La. Ann. 302, 1 South. 675.

It is therefore ordered that the judgment herein be reversed and set aside and that the cause be remanded to be proceeded with, on its merits; the costs of appeal to be paid by Peter J. Flanagan and the costs of the District Court to await the final determination of this case.