## BONFIELD v. TICHENOR.

### No. 17362.

Court of Appeal of Louisiana. Orleans.

March 11, 1940.

Rehearing Denied March 25, 1940.

Rolla A. Tichenor, Sr., of New Orleans, in pro. per.

Chas. A. Danna, of New Orleans, for appellee.

JANVIER, Judge.

Lewis G. Bonfield seeks, by rule nisi to compel Rolla A. Tichenor, Sr., to comply with a decree rendered by us on June 12, 1939, requiring that Tichenor, upon payment of the balance of the agreed purchase price, should transfer to Bonfield certain real property.

A restatement of certain facts is essential to an understanding of the present controversy. Reference to our first decision in this matter, Bonfield v. Tichenor, La.App., 189 So. 635, 636, will show that Tichenor and Bonfield entered into a con-

454

tract under which Tichenor agreed to sell to Bonfield a certain piece of property described as follows: "A certain lot of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, situated in the Fourth District of this City, in the Square No. 485, bounded by Third, Fourth, Broad and Dorgenois Streets, designated as Lot No. 24, measuring thirty (30') feet front on Third Street by one hundred twenty-seven feet, two inches and three lines (127' 2" 3" ') in depth. Said lot begins at a distance of two hundred thirty-three feet, four inches and four lines (233' 4" 4" ') from the corner of Dorgenois Street."

For various reasons Tichenor refused to deliver the property and Bonfield brought suit to compel specific performance of the contract. In the District Court it was held that Tichenor should deliver the property to Bonfield. Bonfield also claimed the rents and revenues of the property for the period during which delivery was withheld and the District Court dismissed this claim. On appeal we affirmed the judgment insofar as it ordered specific performance of the contract and we held that, because of lack of evidence, the claim of Bonfield for rents and revenues should have been dismissed, but only as in case of non-suit. The effect of this judgment was to require Tichenor to deliver the property and to give to Bonfield the right to bring a new suit for the rents and revenues subject to claim of Tichenor for the interest on the purchase price for the period during which the property had been withheld. In our decree we ordered that delivery be made within thirty days after the decree should become final. Tichenor applied for rehearing. This was refused on October 2, 1939. On refusal of that rehearing Tichenor might, within thirty days, have applied to the Supreme Court for writs of certiorari. See Article VII, Section 11, Constitution of 1921. On October 5, three days after the rehearing was refused, Tichenor wrote a letter to Mr. Danna, the attorney for Bonfield, in which he enclosed statement showing the amount of rents and revenues admittedly collected by him and making certain counter-claims against Bonfield. Bonfield answered this letter, contending that the rents and revenues were greater than Tichenor admitted and also contending that the interest due by

him should have been charged at 5 per cent. and not at 6 per cent. Tichenor replied by letter admitting that "there is a possible error of some forty or forty-five dollars in favor of your client" (Bonfield) and conceding that the interest rate should be 5 per cent., but making certain other counter-claims. On October 23, 1939, Danna, attorney for Bonfield, answered this letter calling attention to the fact that Tichenor had not admitted definitely the amount of rents and revenues and asking him to be more definite in these figures. Tichenor retained this letter from October 23 until November 16 and then answered it, neither admitting nor denying the correctness of any of the figures, but contending that, since Bonfield had allowed thirty days to elapse after refusal of rehearing, he (Tichenor) was no longer under any obligation to deliver the property. Since then he has refused steadfastly to do so, maintaining that the decree of this court has lost its effect since Bonfield permitted thirty days to elapse after the refusal of the rehearing. Thereupon Bonfield filed this rule against Tichenor, seeking to compel him to comply with our former decree.

Tichenor maintains that the rule should be dismissed, contending that the rule does not set forth a cause of action and also that the decree in which we ordered specific performance has lost its effect.

■ We see nothing whatever in the contention that no cause of action is set forth in the rule. It is true that, if the original decree is still effective, there should be no necessity for further action, but it is also true that Tichenor himself has thrown a cloud upon the effect of that decree by his contention that, after the passage of thirty days, it no longer has any effect. Therefore, Bonfield is clearly within his rights in seeking to have rendered a new decree disposing of this contention made by Tichenor. The effect of the decree did not expire in thirty days. In the first place it could not have been enforced within the thirty-day period because, at any time within that period, Tichenor had the right to apply to the Supreme Court for writs of certiorari in an attempt to have that court review the entire matter, and, in the second place, it was on Tichenor's initiative that the negotiations looking to the settlement of the minor controversies was commenced. Surely Tichenor, having opened negotiations looking to a settlement of those minor controversies and having continued those negotiations un-

til the expiration of the thirty days, cannot be heard to contend that, because the thirty days have elapsed, he can no longer be compelled by the decree to transfer the property.

We see nothing whatever in any of the contentions of Mr. Tichenor except a persistent and continuous attempt to defeat the ends of justice.

 It is quite true that it is well settled that, in a suit for specific performance, the courts can do no more than order the transfer and provide that, in the event the vendor fails to deliver title, the judgment or decree shall in effect constitute title and that no punishment for contempt may be meted out to the vendor who refuses to actually sign a deed. Kinberger v. Drouet et al., 149 La. 986, 90 So. 367; Manning v. Cohen, 128 La. 148, 54 So. 700, Ann.Cas. 1912C, 779. Therefore, our former decree is and should be sufficient to serve Mr. Bonfield's purpose.

However, in view of the controversy raised by Mr. Tichenor, we think that Mr. Bonfield is entitled to a new decree again specifically setting forth his rights.

Our views on this matter leave both parties open to litigate in the future concerning the interest due on the one hand and the rents and revenues due on the other.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be and it is affirmed, and it is further ordered that within thirty (30) days from the finality of this decree, upon payment to Rolla A. Tichenor, Sr., of $1,150, or, in the alternative, upon the deposit in the Registry of the Civil District Court for the Parish of Orleans of that sum, defendant, Rolla A. Tichenor, Sr., deliver to Lewis G. Bonfield, title to the following described property:

"A certain lot of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, situated in the Fourth District of this City, in the Square No. 485, bounded by Third, Fourth, Broad and Dorgenois Streets, designated as Lot No. 24, measuring thirty (30') feet front on Third Street by one hundred twenty-seven feet, two inches and three lines (127' 2" 3"') in depth. Said lot begins at a distance of two hundred thirty-three feet, four inches and four lines

(233' 4" 4"') from the corner of Dorgenois Street."

And it is further ordered that, in the event the said Tichenor fails to deliver title to the said property, this decree shall stand as the title of the above-described property.

All at the cost of respondent in both courts.

Amended and affirmed.