## JONES et al. *v.* CROCKER.

Where a purchaser at a judicial sale of the property of minors, fails to pay the price, the
latter may sue for a dissolution of the sale.  C. C. 2595, 2586, 2539.

Actions to rescind sales on account of the non-payment of the price, are prescribed only by
the lapse of ten years.  Arts. 1989, 3446, 3453 of the Civil Code are not applicable to such
actions.

APPEAL from the District Court of the First District, *Buchanan,* J.
Benjamin and *Micou,* for the appellants.  The principle governing the

case of *Lalanne's Heirs* v. *Moreau*, 13 La. 437, applies only to purchasers in good faith. It will not protect a party to the proceedings, cognizant of the fraud. Judicial proceedings, used to cover illegal acts, cannot protect the parties or privies. *Fennessy* v. *Gonsoulin*, 11 La. 424. Minors may sue for their property illegally alienated, or for its price. *Harty* v. *Harty*, 2 La. 520. The prescription of five year's cures only informalities. Stat. 10 March, 1836, s. 4, Sess. Acts, p. 123.

*H. H. Strawbridge*, for the defendant, contended that he was not in bad faith, and that the action was prescribed, citing Civ. Code, arts. 1989, 3446, 3453.

The judgment of the court was pronounced by

Rost, J.   The petition alleges that *Michael Jones*, their father and tutor by nature, caused a town lot forming part of the community property between him and *Sarah Roberts*, his late wife, and the mother of the petitioners, who are his only heirs, to be sold at probate sale, after the usual formalities of law, sometime in the year 1837, under the pretence that said sale was necessary to pay the debts of the community ; that the defendant became the purchaser for the price of $10,000 ; that, at the time of the death of their mother, which occurred in December, 1830, the community owed no debts; that the mortgages existing on the property at the time of the sale, were for debts contracted by *Michael Jones*, after the death of his wife, for which debts they are not responsible. The petition further alleges that the defendant is not a purchaser in good faith; that he has retained possession of the property, and enjoyed the rents and revenues thereof, and has paid no part of the price. It concludes with a prayer that, the defendant be condemned to restore to the petitioners one undivided half of the lot, with their shares of the rents thereof. The answer of the defendant is a general denial, and an averment that he holds the property by a good and sufficient title, viz : the adjudication mentioned in the petition, made on the 27th of September, 1837. The court below dismissed the plaintiffs' action, and they appealed. Art. 2595 of the Civil Code provides that judicial sales are subject to the rules previously laid down for public sales in general. One of the rules laid down for public sales in general is, that, after the adjudication, the contract is subjected to the same rules which govern the ordinary contract of sales. Ibid. art. 2586. One of the rules which govern the ordinary contract of sale is that, if the buyer does not pay the price the seller may sue for a dissolution of the sale. Ibid. art. 2539.  " It is clear," said the judge of the court below in his opinion, " that the defendant had not made payment, according to the terms of his adjudication, on the 16th of June next following the sale ; for on that day there was a settlement of accounts between the parties, and an agreement that the tutor of the plaintiffs might redeem the property by paying the balance *he owed* the defendant, in five years, without interest. This agreement, so far as it concerns the interest of the minors, was a mere nullity. The next evidence applicable to this part of the case is, the sale by authentic act before *Pollock*, on the 4th of June, 1840, in which the tutor of the plaintiffs, after reciting the adjudication, acknowledges to have received from the defendant the entire price in partial sums, from time to time paid since the date of the adjudication, to enable the tutor to extinguish encumbrances on the property. This, again, is a mere nullity, as regards the interest of the plaintiffs in the property."

We concur with these views. The defendant was a member of the first family-meeting, who advised the sale of the property for the payment of the com-

56

munity debts. He had full knowledge of the rights of the plaintiffs in that property, and was one of those who caused it to be sold for a specific purpose. He cannot now divert the proceeds of the sale from that purpose, to apply them to the payment of debts due by *Michael Jones individually* to him. If the defendant has paid debts for which the plaintiffs were liable, it was incumbent upon him to prove that fact; but as the death of *Sarah Roberts* is not satisfactorily shown to have occurred previous to the dates of the encumbrances which he avers he extinguished, it is not made certain that a single debt of the community has been paid. If it had debts, as represented by the family-meeting in which the defendant sat, the plaintiffs are now responsible for them; and whether it be for the benefit of themselves or their creditors, they have against the defendant a clear right of action for one half of the price of the property. This the court below fully admitted; but the judge did not perceive that, with the right to sue for the price, the law has given another which sellers are at liberty to select in all cases—that of suing for the dissolution of the sale under the dispositions of the articles already cited. This the plaintiffs have done, in praying that the undivided half of the lot should be restored to them, on account of the non-payment of the price by the defendant; and the evidence satisfactorily establishes their right.

In suits like the present, the law gives us power to grant to the buyer of immovable property, a delay not exceeding six months to pay the price, when justice requires such a course; but from the conduct of the defendant after the sale, we do not consider him to have been in good faith, and there would be no justification for the exercise of that discretion in his behalf.

The prescription of five years has been pleaded by the defendant, under arts. 1989, 3446 and 3453 of the Civil Code. Those articles are not applicable to actions for the dissolution of sales on account of the non-payment of the price. These actions are prescribed by the lapse of ten years only.

The plaintiffs are entitled to one undivided half of the lot in controversy, and, on account of the insufficiency of proof in relation to other claims which the parties may have against each other, we will enter a decree in favor of the plaintiffs for that portion of their demand, reserving to them and to the defendant respectively, all rights not finally adjudicated upon, which they may have against each other.

For the reasons assigned, it is ordered that the judgment of the District Court be reversed. It is further ordered, that the adjudication and probate sale made by the register of wills to the defendant, on the 27th day of September, 1837, of a lot of ground situated in the suburb Annunciation in this city, forming the corner of Levée and Céleste streets, having sixty feet in front on the former street, by one hundred and twenty in depth and front on the other street, together with the improvements thereon, for the price of $10,000, and also, the sale of the property passed by *Michael Jones* to the defendant, before *Carlisle Pollock,* a notary public, on the 4th day of June, 1840, be dissolved and set aside, so far as regards the undivided half-interest of the plaintiffs. It is further ordered that the said plaintiffs recover from the defendant one undivided half of the above described lot, buildings and improvements, and the costs in both courts. It is finally ordered, that the rights of the plaintiffs for rents and profits, and those of the defendant on account of taxes paid, or other necessary expenses incurred on said lot, or on account of any monies he may have paid or receipted for in satisfaction of debts due by the community formerly existing between *Michael Jones* and *Sarah Roberts,* be reserved.