## JAMES NESOM *v.* THOMAS F. D'ARMOND.

Where an obligation was to be paid in several installments, and all the installments were due when the debtor made a payment without directing on which installment the credit was to be given—*Held*: The payment must be deemed to have been made in part satisfaction of the whole debt and prescription on all the installments was thereby interrupted.

APPEAL from the Seventh District Court of the Parish of East Feliciana, *Ratliff*, J. *Fuqua & Kilbourne*, for plaintiff and appellee. *Muse & Hardee*, for appellant.

COLE, J. At a probate sale of the successions of *William* and *Malicha Kirby*, made on the 4th of May, 1836, *William J. Nesom* became the purchaser of the slave *Julia* and her child *Letty*, for eighteen hundred dollars, payable in three equal annual installments, and bearing ten per cent. interest from maturity till paid, and *Thomas F. D'Armond*, the present defendant, signed the adjudication as his surety.

This obligation is the basis of the present suit, none of it having been paid, as is alleged, but the three amounts for which credit is given in the petition. There are two issues presented, prescription and payment. The cause was tried by a jury, whose verdict was for plaintiff, and defendant has appealed from the judgment thereon.

1. The prescription applicable to this claim is ten years, as no notes were taken. C. C. 3508; 3 An. 46.

On the 5th of May, 1847, the first installment would be prescribed, if there had been no interruption of prescription; there were, however, payments made thereon in the following manner:

At the probate sale of *William J. Nesom*, the purchaser of said slaves, they were adjudicated to *James Nesom*, the present plaintiff, who gave his notes payable on the 13th January, 1846, 1847 and 1848; plaintiff was then the tutor of the *Kirby* minors, and there was a settlement between him and the administrator of the estate of *W. J. Nesom*, by which plaintiff's notes were given up to him to be credited on the indebtedness of the estate of *W. J. Nesom* to the succession of *William* and *Malicha Kirby*. The credits allowed, correspond with the maturity of the notes of plaintiff; they matured anterior to the acquisition of prescription by defendant's principal on the notes sued on. It is objected by defendant, that plaintiff in his petition has imputed the payments to the satisfaction alone of the first installment, and has not allowed any portion of the credits to be applied to the payment either of the principal or interest of the two last installments, and that the plea of prescription should prevail, except for the last installment, for although suit No. 638, for the claim now sued on, was brought in March, 1849, yet, as on the 4th of May, 1849, the last installment would have been due ten years, of course, the other two installments, which fell due one and two years earlier, would have been barred by the prescription of ten years, unless the amounts al-

leged to have been paid interrupted prescription, and admitting that these payments were paid in the manner described, yet they have been by plaintiff imputed to the payment of the first installment, and that, therefore, the second installment is barred by prescription. We are of opinion there is nothing in this objection; it appears that plaintiff has made an error in the petition; that all the installments were due when the payments were made, and the credits ought to have been made on different installments, and suit ought to have been instituted for the three installments subject to these credits, whereas he seems to have considered them as paying the first installment; he alleges, in his brief, he was led into this error by copying, "word for word," so much of the petition in suit No. 638 as relates to the amount of the claim, the credits and the balance due, and he asks for an amendment of the judgment, as it causes him to lose near three hundred dollars.

We think that as all the installments were due when the payments were made, and as the debtor did not direct on which installment he wished the credit to be made, that the payments must be deemed to have been made in part satisfaction of the whole debt; and, therefore, they interrupted prescription on all the installments, and an error of plaintiff in the imputation in this petition cannot destroy the effect of the legal imputation.

2. Defendant pleads payment of the debt sued on; he alleges that he paid it to *Thomas Nesom*, administrator of the estate of *William* and *Malicha Kirby*, deceased, on the 21st June, 1840. He has introduced in evidence a receipt, but the signature is denied to be genuine, and defendant has failed to prove it.

We cannot grant the amendment prayed for by appellee, as it would change the pleadings.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.

MERRICK, C. J., recused himself, having been of counsel.