Robert A. Hunter, State Treasurer, v. Robert W. Williams et als.

The State is but a trustee of the lands granted it by Congress, or their proceeds, for the benefit of the inhabitants of the townships, and where notes are made payable to the State Treasurer he may well stand in judgment for the rescission of the sale for the non-payment of the price.

The action to rescind a sale for non-payment of the price is prescribed by ten years. The Court has the right to grant some indulgence to the debtor, provided it does not exceed six months.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J.
 *Andrew R. Hynes*, for plaintiff and appellant. *Goodrich & DeFrance*, *Sparrow & Montgomery*, and *Short & Parham*, for defendants.

Merrick, C. J. The case appears to be correctly stated by defendants' counsel in their brief, from which we quote as follows, viz : "This action is founded on four notes drawn by *Wyley Davis* in favor of *George C. McWhorter*, Treasurer of the State of Louisiana, or his successors in office, each for the sum of one hundred and sixty dollars and sixteen cents, dated 20th January, 1851, payable on the 20th January, 1852, '53, '54 and '55, respectively, with six per cent. interest from date. These notes were given for the purchase of school land sold under the provisions of the statutes providing for the sale of the school lands on the consent of the citizens of the township." The citations are not in the record. The answers were filed December 6, 1859.

"The petition sets forth the price was not paid by any of the parties into whose hands the lands had passed ; that the act of sale was a commutative contract, etc., and that the plaintiff has a right to have the price paid, or to have the land surrendered, as upon the dissolution of the contract, and *Knox*, (administrator of *Wyley Davis*,) *William G. Connor* and *R. W. Williams* are made parties to the suit. *Knox*, the administrator of *Wyley Davis*, filed an answer showing the condition of the succession of *Davis*, how it had been sold, and the disposition which had been made of the proceeds, and pleads the prescription of five years."

"*William G. Connor*, in his answer, takes the position that the probate sale released all the liens on the land created by mortgage or otherwise, but calls the administrator in warranty, and *Williams* calls *Connor* in warranty."

"The prayer of the petition is, that *R. W. Williams* be ordered to pay the price for which the property was sold, and in default thereof to surrender the land, in compliance with the resolutory condition of the sale."

"The judgment of the lower Court is, that the plaintiff recover three hundred and twenty dollars, with six per cent. interest from the 20th January, 1851 ; and that if *R. W. Williams* does not pay the amount by the 6th day of June, 1860, then that the plaintiff have delivered to him the land for the use of free schools in the State of Louisiana, etc."

"From this judgment the plaintiff appeals, and the defendants have also filed a prayer for the correction of the judgment, upon the grounds that if the plaintiff has any right of action on the notes which are not prescribed, it can only be against the succession of *Wyley Davis*, or the heirs of *Wyley Davis*, who have received the proceeds arising from the probate sale ; that the probate sale extinguished all right of action on the mortgage, so far as to enforce it against the land. The defendants contend, also, that even if the right of action to enforce

17

the mortgage on the land does exist, it could only extend to two of the notes, as two of them were prescribed when the action was brought."

The record comes up without any evidence, and the case depends on the admissions contained in the answers of the defendants. The only evidence of a demand of payment of the notes of the vendee is this suit, in which plaintiff demands the price, and in the event of non-payment, the rescission of the sale. There is no proof in the record showing that the land was sold at the probate sale of the property belonging to *Davis's* succession.

Defendant contends that the State Treasurer has not the right to prosecute this suit for the rescission of the sale; that the probate sale extinguished the mortgage as to the thing, and that the action of rescission cannot lie against a third possessor holding under a probate sale.

Plaintiff contends that the plea of prescription will not avail defendants. We see no objection to the form of the action. The notes are made payable to the State Treasurer, and we think he may well stand in judgment for the rescission of the sale for the non-payment of the price. The State is but a trustee of the lands or their proceeds, for the benefit of the inhabitants of the townships, &c. See Act of Congress, 15th Feb., 1843.

It is unnecessary to consider the question whether a probate sale extinguishes the action of rescission with the vendor's privilege, for there is no evidence in the record of any such sale.

We are of the opinion that this suit in the alternative, and defendants' denial of plaintiff's right, are a sufficient putting in default to entitle the plaintiff to demand a rescission of the sale for the non-payment of the price.

The defendants rely upon the plea of prescription. They admit that two of the notes given as part of the price are still due. The action to rescind a sale for non-payment of the price, is prescribed by ten years. See *Jones* v. *Crocker*, 1 An. 442, and *George* v. *Lewis*, 11 An. 654. Article 2540 C. C. gives the court the right to grant some indulgence to the debtor, provided it does not exceed six months. In this case the defendants have had a credit up to this date, of over ten years, and they avail themselves of the delay to plead and insist upon prescription to two of the notes! Under these circumstances, we do not feel disposed to accord to them any further delay, and we will at once rescind the contract. See 14 An. 713.

It is therefore ordered, adjudged and decreed by the Court, that the judgment of the lower Court be avoided and reversed; and we do now order, adjudge and decree, that said sale of said school lands described in plaintiff's petition to said *Wyley Davis* be rescinded; and said lands are hereby ordered to be restored by the defendants to the lawful authorities of the State, for the benefit of the schools of the district to which said lands belong; and it is further ordered, adjudged and decreed by the Court, that the defendants pay the costs of both Courts, and that their rights in warranty against each other be reserved them.