No. 274.—L. TEMPLEMAN, Curator, v. C. M. PEGUES, Curator.—F. W. DANIEL, Intervenor.

This suit is brought by the vendor for the resolution of the sale of a tract of land, on the ground of the non-payment of the price. The vendee answered that the notes given for the price were prescribed, and their payment could not be enforced, and the right to the resolution of the sale no longer existed.

Held—That the right to have the sale dissolved and to recover back the property for non-payment of the price, was a distinct and independent right from that of enforcing payment of the notes, which was only prescribed by ten years. That it being a distinct and independent right, and not an accessory of the notes, it could be maintained, notwithstanding the notes held by the vendor for the price were prescribed and could no longer be enforced.

APPEAL from the Tenth Judicial District Court, parish of Caddo. Levisee, J. Nutt & Leonard, for plaintiff. Land & Taylor, for intervenor. James S. Ashton and Egan, Williamson & Wise, for defendant and appellant.

WYLY, J. The case is correctly stated by plaintiff's counsel, and is the following :

The plaintiff, as a curator of the vacant succession of J. R. J. Daniel, instituted this suit against the defendant, the curator of the succession of Junius Daniel, in order to set aside the sale of a large tract of land situated in the parish of Caddo, made by the said J. R. J. Daniel to the said Junius Daniel, on the second day of April, 1859, on account of the non-payment of the purchase price. Plaintiff alleges that the consideration of said sale was the five promissory notes of the said Junius Daniel, and that no payment whatever has been made thereon. He files said notes as a part of his petition, and prays for dissolution of the sale and the restoration of the lands to the succession of J. R. J. Daniel.

Mrs. F. W. Daniel intervened in the suit as the surviving widow in community of J. R. J. Daniel, deceased, and attacked the sale on the ground that it was null and void in law, because it was in fact a donation in disguise of real estate belonging to the community existing between herself and her said deceased husband, and was intended to deprive her of her just rights in said community property. She prays for an annullment of the sale and the restoration of the lands to the succession of J. R. J. Daniel, and for a recognition of her community rights, subject to administration.

Defendant, in his answer, "admits that on the second day of April, 1859, Junius Daniel purchased, by public act passed before Thomas H. Pitts, recorder of Caddo parish and ex officio notary public, certain lands and negroes, for which he executed his five promissory notes, each for the sum of three thousand dollars, with six per centum interest thereon from date, said notes being of even date with said act of sale, and severally due one, two, three, four and five years after date ; to which act of sale special reference is made for greater certainty, and is hereto attached and made part hereof." Defendant further answering, avers that the notes given for the purchase price became the property of Junius Daniel, and after his death fell into the hands of his administrator, J. R. J. Daniel; and further answering, pleads the prescription of five and ten years.

The answer of defendant to the petition of intervention is a general denial.

Upon these pleadings the parties went to trial, and there was judgment for plaintiff, dissolving the sale with a recognition of intervenor's community rights.

From this judgment the defendant appealed. The leading question in this case is, can a sale be dissolved if the notes for the price are prescribed ? It is the first time we are aware of that this point has been presented for adjudication to this court. On general principles we think it can not.

The seller having conveyed the title and delivered the thing, has executed his obligation arising in the contract of sale. The buyer executing notes for the price, defers till their several maturities the execution of his obligation to pay the price.

Now, the foundation of this action is the failure or refusal of the buyer to discharge his obligation to pay the price. R. C. C. 2561.

The court is applied to for a remedy on account of this failure to discharge the leading obligation of the buyer. The remedy appertaining to this obligation invoked by the plaintiff is to order the resolution of the sale. This is just as legal a remedy as to order the payment of the price. Either would be a complete discharge of the obligation to pay the price. It is in the discretion of the court to give

the order in the alternative, decreeing the payment of the price in a specified time, or on failure thereof, ordering the dissolution of the sale. R., C. C. 2562.

There are, therefore, two modes by which the legal obligation of the buyer may be discharged. R. C. C. 2549, 2561. But if the obligation to pay the price evidenced by the notes be already discharged, we do not see that the court can grant either remedy. R. C. C. 3540.

There are several modes of discharging legal obligations, and one is as complete and effectual as the other. R. C. C. 2130. Prescription, compensation or voluntary remission extinguishes a legal obligation as thoroughly as payment. There is no difference in the effect. The operation of either is utterly destructive of the juridical necessity imposed on the obligor. Now, if the obligation to pay the price evidenced by the notes be extinguished by prescription, it is no longer a legal obligation; it may be a natural obligation, but this can not be a cause of action. R. C. C. 1757.

We can not enforce the obligation of the buyer to pay the price in the case before us by ordering the resolution of the sale, because that legal obligation has already been discharged. R. C. C. 3540. The effect of the dissolving condition is one of the modes provided by law to extinguish legal obligations. R. C. C. 2130. Now, a legal obligation that has already become extinguished by prescription need not be again discharged by the effect of the dissolving condition, if the discharge of a legal obligation by one mode be as efficacious as by another. An obligation that has been compensated or voluntarily remitted need not be paid in order to discharge it, and the court will not compel the performance of an obligation already discharged in one of the modes provided by law.

If the sale before us be dissolved, what legal obligation will be discharged by the effect of the dissolving condition? Surely not the obligation to pay the price. That has been already extinguished by prescription. The application of a legal remedy always discharges a legal obligation in whole or in part; it is never applied to enforce a natural obligation. By the textual provisions of our law the effect of the dissolving condition is laid down as one of the modes of extinguishing legal obligations. R. C. C. 2130.

There is no legal obligation in the case before us to be executed, or remaining to be discharged, but the obligation of the buyer to pay the price. R. C. C. 2549. That is the cause of complaint. It is the obligation sought to be enforced. But that has now ceased to be a legal obligation. By the lapse of time its payment is implied or presumed. It is the interest of the commonwealth that litigants should be compelled to prosecute their demands in the time limited in the statutes of prescription. If they fail to do so, the law declares the obligation

discharged on the presumption of payment, arising from their long delay in not complaining of the want of payment. R. C. C. 2130, 3540.

We think the remedy of the resolution of the sale should not be granted, because if ordered it would not discharge the legal obligation of the buyer to pay the price (the only unexecuted obligation there was in the act of sale), because that obligation has already been discharged as effectually by prescription as if it had been paid.

After the notes were prescribed the defendant was no longer in default for the price; the obligation to pay the price was no longer binding on him. R. C. C. 3540, 3541. The resolution of the sale can not be invoked in the absence of the obligation binding the buyer to pay the price. R. C. C. 2561.

The seller having conveyed and delivered the thing, and the obligation of the buyer to pay the price having become extinguished according to law, the contract of sale is entirely executed; there remains nothing to be enforced.

In view of our conclusion on the question of prescription it becomes unnecessary to examine the other points presented in this case.

It is therefore ordered that the judgment herein be avoided and annulled; and it is now ordered that the demand of the plaintiff be rejected, with costs of both courts. It is further ordered that the intervention herein be dismissed at the costs of the intervenor.

## On Rehearing.

Ludeling, C. J. The plaintiff, as curator of the vacant succession of J. R. J. Daniel, instituted this suit against the defendant, the curator of the succession of Junius Daniel, in order to set aside the sale of a large tract of land situated in the parish of Caddo, made by J. R. J. Daniel to said Junius Daniel on the second of April, 1859, on account of the non-payment of the purchase price. Plaintiff alleges that the consideration of said sale was the five promissory notes of the said Junius Daniel, and that no payment whatever has been made thereon. He files said notes as a part of his petition, and prays for dissolution of the sale and the restoration of the lands to the succession of J. R. J. Daniel.

Mrs. F. W. Daniel intervened in the suit as the surviving widow in community of J. R. J. Daniel, deceased, and attacked the sale on the ground that it was null and void in law, because it was in fact a donation in disguise of real estate belonging to the community existing between herself and her said deceased husband, and was intended to deprive her of her just rights in said community property. She prays for an annullment of the sale and the restoration of the lands to the succession of J. R. J. Daniel, and for a recognition of her community rights, subject to administration.

Defendant in his answer "admits that on the second day of April, 1859, Junius Daniel purchased, by public act passed before Thomas H. Pitts, recorder of Caddo parish and *ex officio* notary public, certain lands and negroes, for which he executed his five promissory notes, each for the sum of three thousand dollars, with six per centum interest thereon from date; said notes being of even date with said act of sale, and severally due one, two, three, four and five years after date; to which act of sale special reference is made for greater certainty, and is hereto attached and made part hereof." Defendant further answering, avers that the notes given for the purchase price became the property of Junius Daniel, and after his death fell into the hands of his administrator, J. R. J. Daniel; and further answering, pleads the prescription of five and ten years.

The answer of defendant to the petition of intervention is a general denial.

There was judgment for the plaintiff, dissolving the sale and recognizing the intervenor's community rights in the property restored to the succession.

From this judgment the defendant has appealed.

The principal question for solution in this case, on the rehearing, is whether an action for the dissolution of a sale for the non-payment of the price can be maintained if the notes given for the price be prescribed? We have just decided, in the case of Joseph T. Swan *v.* Ann L. Gayle, administratrix, that the right to dissolve a sale for the non-payment of the price is not an *accessory* of the notes given for the price, and has no connection with them. It is a distinct and independent right conferred by law not to enforce the payment of the price, but to *recover back the land* for the non-fulfillment of the obligation of the buyer. It is chiefly when the collection of the notes can not be enforced that this right is valuable. It is based upon the equitable principles that "no one shall enrich himself at the expense of another," and that when one party to a contract fails to discharge the obligations assumed by himself, the other party has a right to be released from *his* obligations growing out of the contract.

"Cette doctrine place le vendeur dans une position extrêmement favorable : il peut presque sans péril, négliger son action en paiement et le privilége qui s'y trouve attaché; *car s'il perd le prix, il reprendra la chose en faisant rescindre le contrat.*" Duvergier's Toul. Droit Civil, vol. 9, No. 442; liv. III. tit. VI de la Vente. And the same learned jurist adds, at No. 443 : "Après avoir montré que les droits dont est armé le vendeur sont indépendants, en ce sens que la négligence en l'abandon de l'un n'a point d'influence sur l'existence de l'autre; il faut voir comment et dans quels cas la demande en paiement serait un obstacle a la demande en résolution et réciproquement."

If, then, the right to sue for a dissolution of the sale be a distinct and independent right, having for its object something totally different from the enforcement of payment of the notes, we fail to perceive why that right should be affected by the prescription of the notes. In fact it has been repeatedly held by this court that the right to sue for a dissolution of the sale on account of the non-payment of the price was prescribed by ten years. George, curator, v. Lewis, 11 An. 655; 1 An. 442, James v. Crocker; 16 An. 129, Hunter v. Williams; George v. E. A. Knox, Husband et al., 23 An. 355. C. C. 3508.

These decisions would seem to indicate also that the right to sue for a dissolution of the sale was not an *accessory* of the note, otherwise the prescription or *extinction* of the accessory would depend upon the *extinction* of the *principal* obligation. The question of *registry* is not involved in this case, and the inconvenience alluded to in argument was noticed and disposed of in the case of Johnson v. Bloodworth, 12 An. 701. In that case this court said, "Registry laws are artificial rules—the creatures only of positive legislation. * * * They have seldom if ever been extended by judicial construction to cases not within their plain and obvious intendment."

We are satisfied that we fell into error in our former opinion in this case in noticing the fact that the notes were prescribed, when that fact was not pleaded, as well as in holding that the right to sue for the dissolution of the sale was an *accessory* to the notes and perished with them.

The dissolution of the sale will restore the property to the vendor or owner, which in this instance was the community of acquets and gains existing between J. R. J. Daniel and Mrs. F. W. Daniel. C. C., art. 2045.

It is therefore ordered and adjudged that the decree heretofore rendered by this court in this cause be set aside, and it is decreed that the judgment of the lower court be affirmed, with costs of appeal.

Howe, J., *dissenting.* In my opinion our decree should remain undisturbed. The right to dissolve is accessory, and falls with the principal obligation. 2 N. S. 158; Rogron's C. N. 1692; Duvergier's Toullier, vol. 17, 275.

Notes given for the price contain in themselves the obligation to pay the price. If they are paid the price is paid. If they are prescribed the price is prescribed. The obligation to pay the price in this case is extinguished by prescription, and there remains only a natural obligation to pay it. Do we purpose to enforce natural obligations by suit?

Again, the right to dissolve may be enforced against a third possessor. 12 An. 699; Paillet's C. N. 422.

· A sells a plantation to B and takes his note for most of the price at one year, with mortgage and vendor's privilege. Seven years after he sues for the amount of the note and for recognition of mortgage and privilege. B pleads prescription, and has judgment in his favor declaring the note prescribed and refusing to recognize the mortgage and privilege because they are extinguished also. B takes a rule and has the mortgage and privilege erased. C comes along and examines the title and finds it free and clear of all incumbrance. (We are an enligtened people and require all incumbrances to be recorded.) He buys and flatters himself that he is safe. Two years after A sues to· dissolve. C pleads prescription, as in this case, and points to the· judgment between A and B and the clean record in the mortgage office. But A replies that the action to dissolve still exists—wandering about· like a disembodied evil spirit—and so the sale is dissolved.

Would this be just ? Is it sound on elementary principles ? Is it in accord with our registry laws ?' Is it not a trifle worse than the system· of unrecorded tacit mortgages from which we boast a recent deliverance ?

WYLY, J. I adhere to the former opinion of this court in this case..