5 So.2d 365

**LOUISIANA TRUCK & ORANGE LAND CO., Limited, v. PAGE.**

No. 36184.

Dec. 1, 1941.

Rehearing Denied Dec. 22, 1941.

Fred A. Middleton and John J. Finnorn, both of New Orleans, for appellant.

Severn T. Darden, John H. McBride, and Porteous, Johnson & Humphrey, all of New Orleans, for appellee.

ODOM, Justice.

Plaintiff brought suit to rescind a sale of certain real property made by it to one Elbert L. Page, on the ground that Page, its vendee, failed to pay the entire amount of the consideration for the transfer. Page died, and his heirs, who made themselves parties defendant, pleaded prescription of 5 and 10 years in bar of plaintiff's action. The court sustained the plea of prescription of 10 years and dismissed plaintiff's suit. Plaintiff appealed.

We learn from plaintiff's petition that on January 18, 1911, it sold to Elbert L. Page 5,000 acres of land in one tract, situated in the Parish of Jefferson; that the con-

sideration for the sale was the sum of $45,-000 payable as follows: $15,000 in cash to be paid on or before April 20, 1911, "or in notes of the Louisiana Truck & Orange Land Co., Ltd., of the value of $15,000.00 without interest"; that the balance of $30,-000 was to be paid on or before November 1, 1915, with interest at 6 per cent per annum from date until paid, "with the privilege of paying deferred payments in bonds of petitioner secured by a mortgage on the conveyed lands and other lands".

It appears from the petition that the property sold by this plaintiff to Elbert L. Page was encumbered by mortgage, the indebtedness being evidenced by notes or bonds, and that plaintiff's vendee had the privilege of paying the purchase price either in cash or by taking up and delivering to the vendor the notes or bonds which were equivalent to cash.

The petition recites that on September 14, 1911, approximately eight months after plaintiff sold the 5,000 acres of land to Page, he sold all of the land which he had acquired from plaintiff, except about 400 acres, to one William H. Garanflo; that the consideration for the sale from Page to Garanflo was $38,813, payable as follows: $11,745.37 in cash, and the balance of $26,-567.63 by the assumption of 52 mortgage bonds issued by the Louisiana Truck & Orange Land Co., Ltd., the plaintiff in the present suit. In paragraph 5 of plaintiff's petition, it is alleged that "the obligations assumed by the said William H. Garanflo were duly discharged and that as to the land conveyed to the said Garanflo

the consideration has been duly paid but as to the remainder of said land not sold to the said Garanflo and which is described as follows * * * Petitioner shows that, although the said Elbert L. Page agreed to pay your petitioner $15,000.00 in cash on or before April 20, 1911, the said Elbert L. Page did not pay your petitioner any cash".

In paragraph 8 of plaintiff's petition it is alleged "that because of the failure of the said Elbert L. Page to pay your petitioner the purchase price of the lands herein described in Paragraph 5 it desires a rescission of the said sale for failure to pay the purchase price insofar as the lands described in Paragraph 5 are concerned and that your petitioner be recognized as the owner thereof and that the inscription in the conveyance office conveying said lands to the said Elbert L. Page be declared null and void".

Plaintiff prayed for judgment recognizing it "as the sole and only legal owner of said lands and that the inscription in the Conveyance office above referred to be declared null and void".

The land described in paragraph 5 of plaintiff's petition is that portion of the 5,000-acre tract which Page did not sell to William H. Garanflo.

The present suit was filed May 10, 1938, more than 27 years after plaintiff made the sale to Page and more than 26 years after Page sold to Garanflo. Plaintiff is suing for "a rescission of said sale for failure to pay the purchase price". Counsel for plaintiff say in their brief that this is a suit "to rescind the sale to Page insofar as approximately 400 acres of land which was not sold by Page to Garanflo, because of the failure of said Page to pay the purchase price".

In general, all personal actions are prescribed by 10 years. Revised Civil Code, Article 3544. A suit to set aside a sale of real estate for non-payment of the purchase price is a personal action. Jones v. Crocker, 1 La.Ann. 440; George, Curator, v. Lewis, 11 La.Ann. 654; Hunter v. Williams, 16 La.Ann. 129; Templeman, Curator, v. Pegues, Curator, 24 La.Ann. 537.

Counsel for plaintiff concede that this is the law. But their theory and contention are that plaintiff's action to set aside the sale is not barred by the prescription pleaded, because plaintiff remained in possession of the property sold. They say in their brief that the settled rule is "that prescription does not run against an action or exception attacking the validity of a sale of land where the vendor was in possession of the land". Therefore, plaintiff's only defense is that, after it sold the land to Page, it retained, and still has, possession of it, and that, because of its possession, prescription of its action to rescind did not run against it.

If, as a matter of fact, plaintiff had retained possession of the land, there might be merit in the defense set up. But it is clearly disclosed by plaintiff's petition that it did not retain possession of the land after its sale to Page.

Plaintiff alleged that Page, its vendee, sold all of the 5,000-acre tract, except the small portion now in controversy, to Garanflo on September 14, 1911, which was approximately eight months after plaintiff sold to Page. In paragraph 6 of its petition, plaintiff alleged that, shortly after Page sold to Garanflo, he left the State of Louisiana and has not since returned, and alleged in paragraph 7 that "upon his departure your petitioner took over the possession of said lands sold to the said Elbert L. Page and not conveyed by him to the said William H. Garanflo; has since said time retained possession thereof and paid the taxes thereon".

The inference to be drawn from plaintiff's petition is that, when it sold to Page, it delivered possession of the entire property to him, because eight months later Page sold practically the entire tract to Garanflo, retaining only about 400 acres. It is alleged that Garanflo paid the purchase price for that portion of the tract which he purchased, and it is unreasonable to assume that he would have done so if Page, plaintiff's vendee, had not delivered possession of the property to him. But, aside from this, plaintiff alleges that, after its vendee, Page, left the State of Louisiana, it "took over the possession of said lands sold to the said Elbert L. Page and not conveyed by him to the said William H. Garanflo". If plaintiff had retained possession of this land after its sale to Page, it could not have taken over the possession after he left the state. Clearly, plaintiff was out of possession of the land for at least eight months, and later took it over.

Plaintiff cannot be heard to say now that it retained possession of that portion of the 5,000-acre tract which Page did not sell and deliver to Garanflo, because the sale by Page to Garanflo was made approximately eight months after plaintiff sold to Page, and it is unreasonable to assume that plaintiff knew what particular portion of the land, if any, Page intended to, and did, reserve in his sale to Garanflo. Plaintiff knew that it had conveyed the entire tract to Page and that it had no title to any of the land. Therefore, when it "took over the possession" of the land not sold by Page to Garanflo, it became a possessor in bad faith.

"The possessor in bad faith is he who possesses as master, but who assumes this quality, when he well knows that he has no title to the thing, or that his title is vicious and defective." R.C.C. Article 3452.

In support of their defense, counsel for plaintiff cite Hamilton v. Moore, 136 La. 631, 67 So. 523; Otis et al. v. Texas Co. et al., 153 La. 384, 96 So. 1; and Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183.

But these cases have no application to the case presently before us. In Hamilton v. Moore, it was held that, where a wife did not know that the instrument she signed was a sale but thought it a mortgage, and remained in possession of the property, the purchaser was not protected by the prescription of 5 or 10 years against an action of nullity brought by the plaintiff.

In Otis v. Texas Co., it was held that under Article 20 of the Code of Practice,

where a married woman, executing a power of attorney for the sale of land without her husband's authority, remained in possession, she could assert illegality of the sale by exception and answer when sued, notwithstanding the prescription of Article 3542 of the Civil Code relative to actions for nullity or rescission.

The suit of Louisiana Oil Refining Corporation v. Gandy was an action to reform a deed by correcting an error in description of the property to make the deed conform to the true intent of the parties. It was held that the suit was a personal action and subject to the 10-year prescription prescribed by the Code, and that such prescription runs only from the date that the fraud or mistake is discovered.

Clearly, these cases have no application here.

For the reasons assigned, the judgment appealed from is affirmed at plaintiff's costs.