By this suit plaintiff seeks to have dissolved for non-payment of the deferred portion of the purchase price of sale by it to defendant on June 23, 1930, of Northwest Quarter (NW 1/4) of Northwest Quarter (NW 1/4) of Section 32 and Southeast Quarter (SE 1/4) of Southwest Quarter (SW 1/4) of Section 29, Township 17 North, Range 2 East, containing 80 acres, in Ouachita Parish, Louisiana. The price of sale was Eight Hundred ($800) Dollars, of which Four Hundred ($400) Dollars were paid in cash. Defendant gave his note to represent the balance of Four Hundred ($400) Dollars, due one year after date of sale, which was secured by mortgage and vendor's privilege on the land. The act of sale containing the mortgage and privilege was registered in the proper record books of the parish on June 25, 1930.
This suit was filed on June 10, 1941. Defendant sold the land to his daughter, Willie Evelyn White, on November 12, 1940.
Defendant, in limine, filed an exception of misjoinder of parties defendant which was properly overruled. It has passed from the case. He then answered. The case was tried and submitted for decision on January 22, 1942, upon an agreed statement of facts which recites the uncontradicted facts covered in the above narrative, and concludes as follows:
"It is agreed that, based on the aforesaid statement of facts, the sole point of law involved in this case is whether or not the resolutory condition in an act of sale can be enforced ten years after the date of the recordation of the mortgage but within ten years of the maturity date of the mortgage note, where the property has been sold to a third party more than ten years after the recordation of the mortgage but within ten years of the maturity of the note.
"It is further agreed that in the event the court should uphold plaintiff's contention, then the prayer of plaintiff's petition shall be granted, and in the event defendant's contention shall be upheld then the suit as brought by plaintiff shall be dismissed at plaintiff's costs."
While the court had the case under advisement defendant filed a plea of prescription of five years against the note of Four Hundred ($400) Dollars and a plea of prescription of ten years against enforcement of the mortgage and vendor's privilege securing payment of the note; also on said date he excepted to the petition as disclosing neither a cause nor a right of action. The exceptions were not passed upon and are not urged here. We assume that they have been abandoned. The pleas of prescription were overruled and judgment was rendered for plaintiff, dissolving the act of sale in question and recognizing it to be the owner of the land described therein, free of any lien, mortgage or encumbrance placed thereon or alienation thereof by the defendant, especially from the purported sale by him to his daughter. From this judgment defendant prosecutes this appeal.
The pleas of prescription are specifically directed, one against the note and the other against the mortgage and privilege. Neither plea is pertinent to the sole *Page 668 
issue tendered in the case. The note is not sued upon. There is no demand nor prayer for the enforcement of the mortgage and privilege. The present action is authorized by Articles 2046 and 2561, as amended by Act No. 108 of 1924, of the Civil Code. Such an action is commonly referred to as one to enforce the "resolutory condition." This condition is implied in all commutative contracts. The suit has for its objective the dissolution of the act of sale because all the purchase price has not been paid, the effect of which, if successful, will restore the property in full ownership to the original vendor free of any and all mortgages, encumbrances, etc., placed thereon by the vendee or alienations thereof made by him.
However, an answer to the question propounded in Article 7 of the agreed statement of facts, quoted supra, will finally dispose of the case. We shall do so upon this warrant as authority for our action.
Article 2561 of the Civil Code before being amended by Act No. 108 of 1924, read as follows: "If the buyer does not pay the price, the seller may sue for the dissolution of the sale."
The amendment adds the following: "This right of dissolution shall be an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dissolution; but if any refuse, the others by paying the amount due the parties who refuse shall become subrogated to their rights."
The Supreme Court prior to 1924 repeatedly held that under the original article, even though the purchase price note be prescribed, this fact would have no effect upon the right to sue for dissolution of the sale for non-payment of the price as that right did not prescribe until after the lapse of ten years from maturity of the note. Article 3544 of Civil Code. Templeman v. Pegues, 24 La.Ann. 537; George v. Knox et al., 23 La.Ann. 354; Jones et al. v. Crocker, 1 La.Ann. 440; Hunter v. Williams et al., 16 La.Ann. 129.
The court by many decisions has also held that the right to enforce the dissolving condition is not accessory to but independent of the right to sue to collect a purchase price note and/or to enforce a mortgage and/or vendor's privilege securing its payment. Johnson v. Bloodworth, 12 La.Ann. 699; Ragsdale et al. v. Ragsdale et al., 105 La. 405, 29 So. 906; Stevenson v. Brown, 32 La.Ann. 461; Consoulin v. Adams Co., 28 La.Ann. 598.
If the question propounded by the parties (Article 7 agreed statement of facts) should be answered in the light of the articles of the Civil Code and pertinent jurisprudence prior to the adoption of Act No. 108 of 1924, an affirmative reply would have to be given because this suit to enforce the resolutory condition was filed less than ten years after the maturity of the note, and notice that a portion of the price was on credit appeared from the public records through registry of the act of sale in the conveyance and mortgage books of Ouachita Parish.
Defendant's counsel contends that the 1924 amendment, in saying "this right of dissolution shall be an accessory of the credit representing the price", puts the right to dissolve, as is herein invoked, on a parity with a mortgage which, by Article3284 of the Civil Code, is declared to be accessory to the principal obligation and which, by the terms of Article 3285 of the Civil Code, expires, ceases to have existence when the principal obligation is extinguished. In other words, it is contended that under the unambiguous language of the amendment the right to dissolve an act of sale for non-payment of the purchase price note falls the moment the right to enforce the note is extinguished by prescription or any other mode ordained by law.
The function of an accessory contract is described in Article 1771 of the Civil Code, as follows: "An accessory contract is made for assuring the performance of a prior contract, either by the same parties or by others; such as suretyship, mortgage and pledge."
The dissolving condition implied in a credit sale is a creature of law; not to any extent dependent upon the volition of the contracting parties. It is a right that inheres in the seller, automatically arising on the execution of every credit sale. In this respect it is not unlike the vendor's privilege which the law creates as security for payment of the deferred part of the price in every credit sale. This privilege is an accessory right legally designed to assure the performance by the purchaser of his obligations anent the payment of the price and to provide protection to the seller in the ultimate collection of the price. Such privilege, as is true of the *Page 669 
resolutory condition, does not owe its existence to any extent to the convention of the parties. It arises from the nature of the debt. The resolutory condition arises from the nature of the contract. Both rights are protective in character and are peculiar to the civil law. Accessory rights, therefore, may arise without contract expressly providing for their existence, and the function of such rights, as is true in case of those created by contract, is to aid in or assure performance of the contract or obligation to which they relate.
It is elemental that an accessory right or obligation may not exist without the coexistence of a primary obligation to which it lends support. It is also true that the continued existence of the accessory right or obligation depends upon the legal effectiveness of the primary obligation. When the primary obligation ceases to exist or be enforceable for any legal reason or cause the accessory obligation automatically expires. In Swan v. Gayle, Adm'x, 24 La.Ann. 498, the court, while discussing an accessory contract, said: "The accessory obligation or right, then, is something which may aid to enforce the principal obligation; if the principal obligation is extinguished the accessory right ceases to exist also."
This principle is definitely announced with regard to mortgages by Articles 3284 and 3285 of the Civil Code. It applies equally to a vendor's privilege. State ex rel. Landry v. Broussard, Clerk of Court, et al., La.App., 177 So. 403.
If the unpaid part of the price is evidenced by a note or other written obligation, the vendor's privilege, which is a legal accessory right, expires with the note or other obligation, which is five years from maturity; whereas, if no written obligation is taken to evidence the unpaid price, the applicable prescription is that of ten years established by Article 3544 of the Civil Code. Nesom v. D'Armond, 13 La.Ann. 294; Merritt v. Merle et al., 22 La.Ann. 257.
Plaintiff's learned counsel contend that the 1924 amendment was designed to accomplish and did in fact accomplish but two purposes, to-wit:
1. To give the transferee of purchase price notes, as holder and owner thereof, the right to sue for the dissolution of the sale on non-payment of the notes, in the same manner as the original holder could have done. Such right prior to the amendment did not pass with the transfer of the notes except when expressly declared by written instrument executed at time of the transfer. People's Bank v. Cage, 40 La.Ann. 138, 3 So. 721; State v. Jones, 39 La.Ann. 935, 3 So. 57; Heirs of Castle v. Floyd et al., 38 La.Ann. 583.
2. If the notes representing the purchase price were held by more than one owner, all must join in the suit to dissolve; but if any joint owner or owners refused to join in the proposed suit, the owners who wished to proceed with suit could do so on paying the objecting owners for their interest in the notes and thereby become legally subrogated to their rights. This right did not exist prior to the amendment.
The amendment did accomplish the two results mentioned. They, however, could have been attained without declaring that the right to dissolve "shall be an accessory of the credit representing the price." It could have been accomplished by having the first lines of the amendment read as follows, or composed of words its equivalent in meaning, to-wit: "This right to dissolve shall vest in the holder and owner of the credit representing the price, and if it be held by more than one person * * *," in which case it would have been unnecessary to enact that the right to dissolve was an "accessory", etc. Therefore, it would appear that in declaring the right to dissolve to be an "accessory" of the credit representing the price, the lawmaker had in mind a change in the pre-existing law and jurisprudence other than those mentioned by counsel. If this premise be correct, then it is pertinent to inquire what was that other change? We think it was to put the right to dissolve, as regards the term of its existence, on all-fours with the companion accessory rights of mortgage and vendor's privilege. If this be not true, then the use of the word "accessory" in the amendment was entirely superfluous and, to us, without any real significance.
There exists at least one sound reason for putting the right to exercise the dissolving condition on the same basis as regards time with that to enforce the mortgage and vendor's privilege. If the right to dissolve survives extinguishment by prescription of the principal obligation, such survival continues for five years thereafter under the jurisprudence. The property affected for this additional five years would *Page 670 
be virtually out of commerce or, at least, could be so. It might be well known to any and all interested persons that the principal obligation had prescribed and the mortgage and vendor's lien had ceased to be effective, yet because of the possible exercise of the resolutory condition, no one could afford to purchase the affected property.
It is also argued that the right to the dissolving condition is not entirely dependent upon Article 2561 of the Civil Code. Articles 2045, 2046 and 2047, dealing with the right, are referred to. In none of these articles, it is said, does it appear that the right to dissolve a sale for nonpayment of the purchase price is dependent upon the existence of a note or mortgage. And, it is further contended, that as Act 108 of 1924 has no repealing clause none of these articles is affected thereby. This may be true, but the right to dissolve a sale for non-payment of the price has definite existence by virtue of Article 2561 of the Civil Code and would continue to exist even though the other named articles were non-existent.
Articles 2045, 2046 and 2047 are to be found under the title "Of the Resolutory Condition", as applied to all commutative contracts, whereas article 2561 falls under the title "Of the Obligation of the Buyer." This article applies strictly to credit sales.
Attention is called to the fact that in none of these codal articles is reference made to the prescription of the right to dissolve. Of course, it does not arise until some portion of the unpaid price or credit representing it matures. It was necessary for the good of real estate titles and to prevent property from becoming indefinitely non-commercial to fix some term of the prescription of the right. The Supreme Court has held that the life of the right was governed by Article 3544 of the Code, which provides that: "In general, all personal actions, except those before enumerated, are prescribed by ten years."
The courts have also said, as is provided in the Civil Code, that the accessory rights of mortgage and vendor's privilege expire with the primary obligation they are intended to aid, support and secure.
The Legislature had the unquestioned right to enact that this right to dissolve is an accessory of the principal obligation and, inferentially, at least, place it in the same status with regard to prescription as the other two accessory rights.
In this case the land was sold long after the note had prescribed. The property went into the hands of the purchaser unencumbered by the mortgage and vendor's privilege originally affecting it and without danger from pursuit or disturbance through enforcement of the resolutory condition which, we hold, expired contemporaneously with the note and the other accessory rights.
It is true that in Louisiana Truck Orange Land Co., Ltd., v. Page, 199 La. 1-6, 5 So.2d 365, the Supreme Court through Justice Odom held that a suit to set aside a sale of real estate for non-payment of the purchase price is a personal action and subject to the prescription of ten years established by Article 3544 of the Civil Code. Decisions cited to support this statement were rendered long prior to 1924. Act No. 108 of that year is not mentioned nor discussed. It evidently escaped the court's attention. Had it been considered, we feel certain the same construction we are now placing upon the amendment would have there been given.
Attention is called to a discussion of "the action of resolution as an accessory of the credit in contracts of sale" appearing at page 800 et seq. of Louisiana Law Review, Volume 1. The author's opinion as to the effect of the 1924 Act upon the right discussed there, is the same as our own.
For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed; plaintiff's demand is hereby rejected and its suit is dismissed at its cost.
HAMITER, J., dissents. *Page 671