Plaintiff in this suit is seeking dissolution of a sale of certain real estate for nonpayment of the purchase price. She alleged in her petition that the notes given for the purchase price in the sales sought to be dissolved matured more than five years before the filing of this suit and have never been paid.
Defendants filed a plea of prescription of five years, based upon the theory that under Article 2561 of the Revised Civil Code, as amended by Act 108 of 1924, the right of dissolution is an accessory of the credit representing the price and prescribes with the prescription of the notes given as the price. The lower Court sustained the plea of prescription and dismissed the plaintiff's suit. She has perfected an appeal to this Court.
Prior to the time this case was heard here, we passed upon a like question in the case of Louis Werner Sawmill Company v. E.J. White, 16 So.2d 666, in which we sustained the plea of prescription. A writ of certiorari was granted in that case by the Supreme Court and on February 7, 1944, it rendered an opinion, 17 So.2d 264, reversing our decision and holding that Act 108 of 1924, amending Article 2561 of the Revised Civil Code, did not amend the prescriptive period of ten years applicable to actions to resolve sales of real estate, as provided in Article 3544 of the Revised Civil Code. The Supreme Court docket number of this case is 37,069.
It therefore follows that the judgment of the lower Court sustaining the plea of prescription of five years was erroneous and is now reversed and the case is remanded to the lower Court to be tried on its merits; cost of appeal to be paid by appellees and all other costs to abide the final determination of the case.