AYRES, Judge
(dissenting).
An action for specific performance is, in my opinion, a personal action, and the venue for such character of actions is in the parish of defendant’s domicile. LSA-C.C.P. Art. 422.
“A personal action is one brought to enforce an obligation against the ob-ligor, personally and independently of the property which he may own, claim, or possess.” LSA-C.C.P. Art. 422.
Here, plaintiff prays that his rights to specific performance be recognized and that defendants be ordered to comply with the provisions of their contract and, accordingly, deliver unto him a valid title to the property described in the contract.
An obligation to reform a deed to correctly describe property contracted to sell is a personal obligation. Such an action has been characterized as an action ‘'looking io the complete performance of an obligation” and, as such, a personal action. (Emphasis supplied.) Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183, 186 (1929). Such an action is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true intent of the parties. Agurs v. Holt, 232 La. 1026, 95 So.2d 644, 645 (1957); Ober v. Williams, 213 La. 568, 35 So.2d 219 (1948); Tri-State Transit co. of Louisiana v. Sunshine Bus Lines, 181 La. 779, 160 So. 411 (1935); Hymel v. Old Homestead, Inc., 135 So.2d 685, La.App., 4th Cir. 1961 (certiorari denied 1962); Champagne v. Lepine, 130 So.2d 753, La.App., 1st Cir. 1961. It is purely an action in personam which has for its object the compelling of a party to do that which he has bound himself by contract to do.
It is well established in the jurisprudence of this State that an action to reform a deed by correcting an error in the description of property to make the deed conform to the true intent of the parties is a personal action, for, as pointed out in Louisiana Oil Refining Corporation v. Gandy, supra, “Such an action — that is, an action to reform a deed — has not for its object the assertion of a claim on immovable property, or the assertion of an immovable right against it.’ (Emphasis supplied.) See, also: Copley v. Berry, 12 Rob. 79 (1845); Champagne v. Lepine, supra; Campbell v. Thomas, 140 So.2d 163, La.App., 3d Cir. 1962 (certiorari denied 1962).
While it must be conceded that these cases do not involve the question of venue, they are nevertheless explicit in their language to the effect that the matters involved constitute personal obligations, actions with reference to which must be brought at the domicile of the defendant. LSA-C.C.P. Art. 42.
Moreover, it may be pointed out that an action to set aside a sale of real estate for nonpayment of the purchase price is a personal action. Louisiana Truck & Orange Land Co. v. Page, 199 La. 1, 5 So.2d 365, *382 366 (1941); Templeman v. Pegues, 24 La.Ann. 537 (1872); Hunter v. Williams, 16 La.Ann. 129 (1861); George v. Lewis, 11 La.Ann. 654 (1856); Jones v. Crocker, 1 La.Ann. 440 (1846).
Thus, as pointed out in XXV La.L.Rev. 589, 625-626, in an article entitled “Real Actions in Louisiana and Comparative Law,” and as quoted in the majority opinion,
“ * * * actions for the payment of the price of immovable property, for the recovery of the price of the sale in case of impossibility of performance, for the reformation of deeds in case of erroneous description, for the annulment or rescission of sales or mortgages, and actions among co-owners for rents and revenues have been consistently held to be personal actions * * * )>
Again, while it must be conceded that the authorities immediately hereinabove referred to did not involve questions of venue, there can be, from the language employed, no question as to the character of the actions.
Principles generally prevailing in other jurisdictions are in accord not only with our statutory enactments but with the aforesaid rules established in our jurisprudence. For instance, it is said:
“Like suits in equity generally, a suit for specific performance ordinarily is an action in personam, and not in rem, * * 81 C.J.S. Specific Performance § lb, p. 409. See, also: 49 Am. Jur., “Specific Performance,” § 139, p.. 162.
Moreover, the general rule is that a suit for the reformation of an instrument is an action in personam, and is properly brought in the place of the defendant’s residence. Thus, it is said:
“A suit for the reformation of an instrument is an action in personam and is properly brought in the place of defendant’s residence, and a decree requiring reformation is properly made there although the property to be affected by the correction of the written instrument is not within the jurisdiction of the court rendering the decree.” (Emphasis supplied.) 76 C.J.S. Reformation of Instruments § 68, p. 417.
An action for specific performance of a contract for the sale of realty was involved in Caudill v. Little, 293 S.W.2d 881, 63 A.L.R.2d 452, Ky.App., 1956. That action was brought in the county in which the land was situated, whereas defendant resided in another county. Plaintiff relied upon the Kentucky statute similar to our LSA-C.C. P. Art. 80 which provides that actions “for the recovery of real property, or of an estate or interest therein,” shall be brought in the county in which the property is situated. The court held that the action was in per-sonam and refused to apply the venue statute relating solely to actions in rem.
In an annotation appearing in 63 A.L.R.2d 479, under which is cited the case of Cooney v. Blythe Co., 200 So. 517, La.App., 1st Cir. 1941, it was stated:
“Since an action to compel the specific performance of a contract pertaining to real property is generally classified as in personam and transitory, except to the extent that it sought to recover a judgment or decree operating directly on the property, the venue thereof, in the absence of any constitutional or statutory provision to the contrary, is generally held to be in the county in which the defendant resides.”
Moreover, as pointed out in Louisiana Oil Refining Corporation v. Gandy, supra,
“The fact that the action to reform a contract may affect incidentally the title to real estate does not necessarily make it a real action.”
Thus, the general rule that the venue of an action on a personal obligation is in the parish of a defendant’s domicile (LSA-C.C.P. Art. 42) applies in all instances in *383 the absence of a clear-cut exception. The exception to the aforesaid rule, relied upon by respondent, contained in LSA-C.C.P. Art. 80, applies to real actions such as peti-tory and possessory actions, actions in re-vindication of real property, and where the property is directly affected. This was obviously the opinion expressed by the commentator in a symposium on Civil Procedure when he said:
“The Code of Civil Procedure contains two articles which, in cases involving real property, provide exceptions to the general rules of venue set forth in Article 42. Article 72 provides that an action of sequestration or an action to enforce a mortgage or privilege by an ordinary proceeding may be brought in the parish where the property is located. All of the situations formerly covered by Code of Practice Articles 163 and 165 (8) do not come within this provision. The real actions, including the petitory action, the action of slander of title, and the possessory action, formerly covered by Article 163 of the Code of Practice, are treated in Article 80 of the Code of Civil Procedure, which deals zvith actions ‘to assert an interest in immovable property, or a right in, to or against immovable property.’ ” (Emphasis supplied, except for italicized “may.”) XXI La.L.Rev. 168, 188.
By whatever degree of liberality the interpretation of procedural statutes may be entitled, such construction does not, in my. opinion, extend to and effectuate a change of a personal obligation to a real obligation, or, by that process, further effectuate a change in the venue of a suit on a personal obligation from that of a defendant’s residence to some other parish.
For these reasons, I am of the opinion that the court of proper venue in the instant case is the court in the parish of defendants’ domicile, and that, accordingly, the writs should be perpetuated and made final, the exception to the venue of the court sustained, and that this cause be remanded so that, in the discretion of the court, the action may be either dismissed or transferred to the court of proper venue. (LSA-C.C.P. Art. 121).
I, therefore, most respectfully dissent.
Rehearing denied.
AYRES, J., dissents.