SAMUEL, Judge.
For the purpose of constructing a house on a certain lot of ground in the Parish of St. Charles, Viola Davis, the original defendant herein, executed a promissory note dated July 11, 1961 secured by a mort *837 gage bearing against that lot. The note was made payable to the order of Jim Walter Corporation, the contracting firm which built the house. Jim Walter assigned the note to Mid-State Homes, Inc., the original plaintiff herein. After its construction the house was used by Viola Davis as her home.
Subsequently, as holder and owner of the note and mortgage Mid-State instituted an executory proceeding against Viola Davis based on her alleged failure to make some of the installment payments called for by the note. She filed petitions seeking an injunction to arrest the seizure and sale. After trial of the rule to show cause why a preliminary injunction should not issue, the district court rendered judgment which, in part, made the rule absolute and enjoined Mid-State from seizing or selling the property.
Insofar as the injunction was concerned, this court affirmed that judgment[1] on the ground that the lot belonged to the community existing between Viola Davis and her husband and as she alone, without the authorization or consent of her husband, had executed the note and mortgage upon which the proceeding was based, the mortgage could not support executory process.
On May 25, 1965 Mid-State filed a supplemental and amended petition making Jim Walter a third party defendant and seeking judgment- against that corporation in the full amount of the note. Jim Walter answered, admitting it had assigned the note to Mid-State for valuable consideration, averring it “was compelled and did in fact” reimburse Mid-State in the full amount thereof, and alleging it had acted in reliance upon representations made by Viola Davis that she was the sole owner of the lot in question. Assuming the position of third party plaintiff, Jim Walter made Viola Davis a third party defendant and prayed for “judgment herein in favor of third party plaintiff, Jim Walter Corporation, and against the third party defendant, Viola Davis, permitting Jim Walter Corporation to cause the removal of the dwelling house constructed by it on the property of third party defendant, at third party defendant’s cost, and that third party plaintiff be reimbursed by third party defendant for all other expenses incurred in connection with these proceedings because of third party defendant’s representations, in the amount of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS.” The petition containing the answer and third party demand was filed by Jim Walter on March 19, 1968.
Viola Davis filed an exception of prescription to Jim Walter’s third party demand. The exception is based on the contention that because the demand was filed more than five years after the date of the note (and presumably more than five years after maturity) the action is prescribed by the prescription of five years as provided by LSA-C.C. Art. 3540. By agreement between counsel the exception was submitted on briefs to the trial court which rendered judgment maintaining the exception of prescription and dismissing the demand of Jim Walter against Viola Davis. Jim Walter has appealed.
Imprimis, we note in this court counsel for appellee have argued matters relating to appellant’s right and cause of action, such as whether recission or dissolution is available to Jim Walter under the facts of this case even in the absence of prescription. We do not consider those matters for the reason that the exception of prescription is the only pleading filed by appellee in response to the third party demand made against her and thus the sole issue presented for our consideration is whether that demand is prescribed.
The trial court judgment is based on the conclusion that the only obligation of Viola Davis to either Jim Walter or Mid- *838 State was as maker of the note dated July 11, 1961 and that note was extinguished by the prescription of five years. We cannot agree that prescription of the note has any application to the third party demand. The right to dissolve the contract for nonpayment of all or a part of the contract price is not lost simply as a result of the fact that the obligation to pay the note is extinguished by prescription.
We are controlled by the holding of the Supreme Court of Louisiana in Louis Werner Saw Mill Co. v. White, 205 La. 242, 17 So.2d 264.[2] In that case plaintiff sold eighty acres of land to the defendant for $800, of which amount $400 was paid in cash. For the balance of the purchase price the defendant gave his note for $400 secured by a mortgage and vendor’s lien on the land sold. Defendant did not pay the note when it matured and after the prescriptions of five and ten years had run on the note and the recordation of the mortgage and vendor’s lien, but less than ten years after maturity of the note, plaintiff filed the suit to dissolve the sale for nonpayment of the credit portion of the purchase price. The court recognized the action to be one to enforce the resolutory condition for non-payment of the purchase price as provided by LSA-C.C. Arts. 2045, 2046, 2047 and 2561. The defendant pleaded prescription of the note, mortgage and privilege, contending that when they were extinguished by prescription the action to enforce the resolutory condition also was extinguished. Concluding the defense was without merit, the court rendered judgment allowing plaintiff to recover the land sold on the ground that the right to set aside the sale was an independent, substantive remedy not dependent upon the existence of the note, mortgage or privilege and that such an action is prescribed by ten years under LSA-C.C. Art. 3544.
Insofar as the exception of prescription is concerned (we have pointed out that is the only issue before us) the instant case is indistinguishable from Louis Werner Sawmill Co. v. White. As shown by the above quoted prayer of the third party demand made by Jim Walter, this is not a suit on the note; nor is it an attempt to enforce the contract. To the contrary, the purpose of the demand is to enforce the resolutory condition and dissolve the contract by revoking the obligation and placing matters in the same state as though that obligation had not existed. As stated in the cited case, the right to dissolve by enforcing the resolutory condition is an independent remedy in no way dependent upon the existence of the contractual obligation to pay the note; whether the note has been extinguished by prescription is immaterial. Because this is a personal action not otherwise provided for in the Civil Code, the sole prescriptive period is ten years under LSA-C.C. Art. 3544.[3] And as the demand was filed less than seven years after the contract had been entered into, the action to dissolve is not prescribed.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of third party plaintiff, Jim Walter Corporation, and against third party defendant, Viola Davis, overruling and dismissing the latter’s exception of prescription and remanding this matter to the trial court for further proceedings in accordance with law; costs of this appeal to be paid by third party defendant, Viola Davis; all other costs to await a final determination.
Reversed and remanded.

. Mid-State Houses, Ine. v. Davis, La.App., 173 So.2d 326.

. See also Litton v. Woods, La.App., 17 So.2d 320.

. The article reads: “In general, all personal actions, except those before enumerated, are prescribed by ten years.” LSA-C.C. Art. 3544. Louis Werner Saw Mill Co. v. White, supra; Louisiana Truck & Orange Land Co. v. Page, 199 La. 1, 5 So.2d 365; Southwestern Improvement Co. v. Whittington, La.App., 193 So. 483.