BREAUX, C. J.
Plaintiff brought this suit for a decree to compel defendant to fulfill his promise to sell his “Barlow place” in accordance with a written instrument, which plaintiff alleges is a binding promise to sell.
Plaintiff alleges in the petition that defendant Reidheimer, acting through his authorized agents, Henry & Deblieux, “agreed to sell and your petitioner agreed to buy.”
It reads as follows:
“Champaign, Illinois, April 4th, 1911. “Henry & Deblieux, Natchitoches, La.
“Dear Sirs: I have received a letter from St. Ann Prudhomme, who has been trying to sell my Barlow place. He states that the deal is practically off. If you care to try your hand, go ahead. I will take sixteen dollars per acre, with a twelve-hundred or fifteen-hundred dollars cash payment, the balance to suit purchaser— say one, two and three years. There must be a fair cash payment. If you can sell, let me know and I will send power of attorney. If you can’t sell on those terms, please state terms on which you can sell.
“Trusting to hear from you soon, I am, “Yours very truly, J. E. Reidheimer.”
In accordance with the foregoing authorization, Henry & Deblieux, acting for Reidheimer, agreed with the defendant—
“Natchitoches, La., April 12, 1911.
“Contract this day has been entered into between Henry & Deblieux, agents of J. E. Reidheimer of Champaign, Illinois, and Mr. James Dey. Henry & Deblieux, representing J. E. Reidheimer, had offered the said James Dey the Reidheimer place, known as the Barlow place, on Cane river, for sixteen dollars an acre, said place containing three-hundred-twenty-eight and 25/ioo acres, less fifty acres sold to Dr. J. S. Stephens. The said James Dey has accepted the same for the above named price.
“[Signed] Henry & Deblieux.
“James Dey.
“Attested:
“J. D. Rusca.
“Jos. W. Jones, Jr.”
The contract was.filed in the clerk’s office on the 17th day of April, 1911.
Plaintiff’s complaint is that after this agreement had been reached, and after Reidheimer had been informed by Henry & Deblieux of the agreement, acting through another agent, he sold the Barlow place to Samuel Nelken, who went into possession of the property; that Nelken prior to his purchase well knew of plaintiff Dey’s purchase of the property by the records of the clerk’s office, and, in addition, that he was personally advised of the agreement. Plaintiff alleged fraud upon his rights, and claimed damages, $500 for attorney’s fee for enforcing specific performance of the contract and for the further sum of $200 for the loss of time and worry. He claimed rent.
As the preliminaries were conducted through the direct agency of a local firm, instead of by the parties themselves, the facts are in some respect different from those in the decision cited as authority.
[1] The owner already had one local agent whom he had intrusted with the sale of his land. This agent’s attempt to consummate a deal had “practically” failed. He, Reidheimer, wrote to the firm before named, Henry & Deblieux, “if you care to try your *157 hand, go ahead.” The exact meaning is somewhat indefinite. Whether it related to walking forward or running forward is not stated, or whether he meant that those to whom he wrote as just mentioned should find a purchaser, sell him the property, or promise to sell him the property, is not explained. It may have been either. Furthermore, he requested in the letter, “Let me know, and I will send you the power of attorney,” and expressed the hope to hear from them soon.
These agents must have known that another local agent was interested. Whether they intended to act cojointly with him or not is not stated. They with some haste, commendable for all we know, found a purchaser, and sought to clinch the matter so that there would be no opportunity of receding. They drew up and signed articles of agreement with the one with whom they were negotiating to sell, and immediately there was a Marathon run to have the proper registry made both in the mortgage and conveyance book of the instrument of writing which defendant Reidheimer had not signed. It was a sous seing prive, a private writing which was not authorized by the owner in the letter before mentioned.
[2] There are two propositions for discussion. The first. What effect can be given to the “agreement” signed by plaintiff and Henry & Deblieux? Second. What is the effect of the averment of the petition that the purchaser from the owner, Nelken, was advised of the agreement?
Taking up the first, we have arrived at the conclusion that no effect can Be given to the agreement as the agents were not authorized to sell or promise to sell the property, nor were they authorized to enter into a written agreement with any one.
Taking up the second proposition, regarding the notice alleged to have been given to Nelken, no notice or advice of a sale was given to him, for no sale was passed, nor a provisional sale, which was done, had no binding effect. • There was no deed or its equivalent. Something else had to be done in matter of the contract before it could be considered as having reached the completed state. There are a number of decisions in Louisiana jurisprudence sustaining the view that a contract which in the contemplation of the parties is to be reduced to writing is not considered binding before signing the deed. If this is considered a promise to sell, the rule is not different.
“The promise to sell must be vested with the same formalities as are above described acts in articles 2439 and 2440 concerning sales; in all cases the law directs that the sale be committed in writing.” Civil Code, art. 2642.
Were we to reverse the judgment, there would be no evidence to compel the defendant Reidheimer to complete the sale, save the verbal advice received by the buyer, Nelken. There would be no way of completing the proof of a deed save by verbal testimony which is not admissible.
[3] Another question arises. The defendant Reidheimer is an absentee, represented by a curator ad hoe. While there is no question but that a real right in immovable property may be recognized and its existence decreed against the curator ad hoc of an absentee, such a right cannot be created and.given effect to as against him.
There is no question but that, where the obligation is “to do,” the one upon whom the obligation rests can be constrained to a legal performance not personally, but by the court’s recognition of the right, and, in the event of his refusal to execute specific performance, by decreeing that the judgment shall be the title.
At one time in the history of jurisprudence in France, under similar articles to ours upon the subject, it was thought that in default of execution of the promisor there remained only a right to damages. To a certain extent that may have been held in this *159 state. Later jurisprudence has arrived at a different conclusion without resorting to personal constraint. Effect is given to the binding agreement of the parties in the manner before stated. Beudant De La Vente, Vo. 36 et seq.; Laurent, xxiv (24) No. 13. Aubry et Rau (4th Am. Ed.) iv, p. 334, No. 10.
[4] None the less, to order specific performance in the decree and give it-, effect, it must appear that the evidence is complete.
There is an element wanting to complete this deed in the absence of legal testimony binding upon the owner.
For these reasons, it is ordered, adjudged, and decreed that the judgment is affirmed.
PROVOSTS', J., concurs in the decree for the reason that there was no authority to sell. LAND, J., dissents. MONROE, J., dissents from refusal to grant a rehearing in this cause.