HARDY, Judge.
This is a suit by plaintiff seeking to compel specific performance by the defendants of option contracts for the sale of certain described immovable property lo *378 cated in Tensas Parish. Defendants interposed a declinatory exception of improper venue and a dilatory exception of improper cumulation of actions, which exceptions were overruled by the district judge. Upon application of defendants this court issued alternative writs for the purpose of reviewing the action of the district court upon the exceptions. The case is now before us for action as to the disposition of the writs.
Plaintiff is a resident of Madison Parish and the defendants, a partnership and its individual members, are residents of Rich-land Parish. Plaintiff seeks judgment recognizing his right to specific performance of the options to purchase and ordering defendants to execute and deliver an act of conveyance to the real property described in said options, which property is located in the Parish of Tensas in which this suit was instituted.
The opposed contentions of the parties may be briefly stated. Defendants, applicants for writs, urge that the district court for the Parish of Tensas is without jurisdiction, under the provisions of the Code of Civil Procedure regulating the subject of venue, to try a suit for specific performance of options to purchase immovable property executed by defendants, all of whom are residents of and domiciled in Richland Parish, notwithstanding the fact that the property which is the subject of the option agreements is located in Tensas Parish. Plaintiff, respondent in writs, argues that the suit involves a right to and ownership of immovable property, which action must be brought in the Parish in which the property is situated.
The effect of these contentions reduced to simple terms may be expressed as follows:
Defendants-applicants insist that this suit is an action for specific performance which under our jurisprudence is considered to be a personal action, and, therefore, must be brought in the Parish of their domicile as provided by C.C.P. Article 42(1). Plaintiff-respondent asserts that the action is-one involving an interest in immovable property which must be brought in the-Parish where such property is situated in accordance with the specific provisions of C.C.P. Article 80(1).
It would appear that our jurisprudence would have disposed of the issue presented, but, unfortunately, we have been unable to find any authorities which are directly in point. On the contrary, there are numerous cases which can be urged as apparently valid support for each of the opposed contentions.
There are numerous cases, primarily involving the issue of prescription, which hold that actions to reform deeds are denominated and must be considered as personal actions. This principle was explicitly stated in the opinion of Mr. Justice McCaleb in Agurs v. Holt, 232 La. 1026, 95 So.2d 644, which declared:
“It is a personal action, even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), * * *.” (Authorities cited)
******
“it is settled that an action for re formation of a deed is a personal action and, hence, is governed by the prescription provided by Article 3544 of the Civil Code, * * (Authorities cited)
In Louisiana Truck & Orange Land Co. v. Page, 199 La. 1, 5 So.2d 365, the court stated that a suit to set aside a sale of real estate for non-payment of the purchase price was a personal action, and therefore subject to the general prescriptive provision relating to personal actions, as fixed in R.C.C. Article 3544.
However, there appear to be some reservations by our courts with reference to the application of the rule enforced in cases involving prescription when the issue of venue is presented. In Browne v. Gajan, La.App., 173 So. 485, on original hearing *379 the First Circuit held that an action to reform a deed was a personal action. But on rehearing (175 So. 486) the court reversed its original judgment and held that an action to reform a deed conveying a mineral interest created a real right which should be asserted in the Parish in which the land was located. A pertinent comment in the opinion on rehearing reads as follows:
“In Louisiana Oil Refining Corp. et al. v. Gandy et al. the court merely considered the nature of the action in its relation to a plea of prescription and was not concerned at all with the question of venue and with the exception to the general rule of venue arising under the articles of the Code of Practice.” (Emphasis supplied.)
The conclusion in the Gandy case, to which reference is made in some of the cases cited supra, was based upon the view that an action to reform a contract which incidentally affects the title to real estate does not necessarily constitute a real action.
In a scholarly article on “Real Actions In Louisiana and Comparative Law”, XXV L.L.R. 589, Professor Yiannopoulos makes the following observation which is of interest in connection with the problem before us:
■“Louisiana courts, while avoiding unnecessary generalizations and concentrating on the solution of concrete problems, have had no difficulty subjecting to the ten-year prescriptive period of article 3544 a number of actions involving enforcement of personal rights, such as actions for accounting, settlement of partnership and usufruct accounts, and actions on unjust enrichment, negotiorum gestio and quasi contracts in general. Quite naturally, Louisiana courts have applied the same prescriptive period to personal actions arising out of legal transactions directly involving corporeal movables and immovables. Thus, actions for the payment of the price of immovable property, for the recovery of the price of the sale in case of impossibility of performance, for the reformation of deeds in case of erroneous description, for the annulment or rescission of sales or mortgages, and actions among co-owners for rents and revenues have been consistently held to be personal actions governed by the prescription of article 3544. With respect to movables, the same rule has been applied by the courts to actions for the recovery of the value of things sold wrongfully or in good faith by persons other than the true owner, actions by the vendor for the payment of the price of materials sold, and actions for the repayment of moneys deposited.
“In interpreting and applying article 3548, on the other hand, the Louisiana courts have correctly limited application of the thirty-year prescription to immovable real actions involving either ‘revendication of the ownership of’ immovables, i. e., petitory actions, or the recovery of an entire estate. Actions for the recovery of undivided shares in lands, actions to compel conveyance of immovables, an action by the administrator of an insolvent estate that certain property be decreed to belong to the succession, an action by a judgment creditor for the recovery of his debtor’s immovables in the hands of third persons, and an action to compel the surrender of im-movables sold under a bond for deed with title remaining in the vendor have been held to be petitory actions.” (Op. cit., pages 625-627.)
Most of the authorities cited, and many others which fall in the same category, have been primarily concerned with a determination of the applicable prescriptive period under the articles of the Civil Code and not with procedural questions. However, in State ex rel. Hyams’ Heirs v. Grace, 197 La. 428, 1 So.2d 683, the court *380 did give consideration to a contention based upon the definitions of personal and real actions as specified in the Code of Practice and made the following observation:
“Counsel are under the impression that since the plaintiffs do not ask in their prayer to be declared the owners of the property that this is not a real action. The purpose of this action is to compel the execution of a patent or title to the lands. In other.words, it is an action to compel the conveyance of the lands. An action to compel conveyance of land is a real action. Mussina v. Alling, et als., 11 La.Ann. 568.” (Emphasis supplied.)
In Bland v. Bullis, La.App., 16 So.2d 573, this court sustained a plea to the jurisdiction filed by an absent owner of minerals on the ground that the purchaser’s suit for specific performance was filed in the parish where the owner of the land resided but not where the land was located.
We think it is significant that the option contracts which plaintiff seeks to enforce in this case were recorded in Tensas Parish. While it is true that these contracts would not serve as conveyances of real property, they do evidence obligations to convey upon conditions contained therein which plaintff alleges have been fulfilled.
With relation to the issue of title to real property, it is of further interest to note that under our jurisprudence the transfer of title can be effected by judgment of the court even without action by the obligor:
“There is no question but that, where the obligation is ‘to do,’ the one upon whom the obligation rests can be constrained to a legal performance not personally, but by the court’s recognition of the right, and, in the event of his refusal to execute specific performance, by decreeing that the judgment shall be the title.” (Dey v. Nelken, 131 La. 154, 59 So. 104 (1912). (To the same effect Kinberger v. Drouet, 149 La. 986, 90 So. 367; Bonfield v. Tichenor (Orleans App., 1939), 189 So. 635; affirmed on rehearing, 194 So. 453).
In Jefferson v. Tennant (2nd Cir., 1958), La.App., 107 So.2d 334, this court did not find it necessary to consider a plea to the jurisdiction and predicated its conclusion upon the then effective principle, before the adoption of the Code of Civil Procedure in 1960, that the nature of an action was determined upon the basis of the prayer of plaintiff’s petition. This judgment was affirmed by the Supreme Court after granting writs; 240 La. 1079, 127 So.2d 155. The opinion of Mr. Justice Sanders of the Supreme Court, after observing that the contract of employment which had purported to convey an interest in mineral rights had been terminated by death of the original defendant, observed that the residual issues had no relation to a real action, and, accordingly, the exception to the jurisdiction ratione personae was well founded.
The general rule of venue as provided in C.C.P. Article 42 is subject to the exception, inter alia, of C.C.P. Article 80, the pertinent portion of which reads as follows:
“The following actions shall be brought in the parish where the immovable pi-operty is situated:
(1). An action to assert an interest in immovable property, or a right in, to, or against immovable property, *
We cannot subscribe to the contention that this action for specific performance which has for its principal purpose the transfer of title to real property should not be governed by what appears to be the very plain and explicit mandatory provision above quoted.
We have pretermitted discussion of plaintiff’s claim for damages allegedly *381 suffered by reason of defendants’ failure to perform. It is properly conceded by counsel for both parties that the demand for specific performance and the demand for failure to perform are severable. As suggested by counsel for respondents, the demand for damages may be disposed by the trial court either by transferring such claim to the court of the domicile of defendants or by dismissing such demand with reservation of plaintiff’s right to institute separate proceedings in the court of proper venue.
For the reasons assigned the alternative writs previously issued herein are recalled and set aside and this case is remanded to the Honorable the Sixth Judicial District Court in and for the Parish of Tensas, State of Louisiana, for further proceedings according to law and consistent with the views expressed in this opinion.
Costs of this court are assessed against defendants-applicants, and it is ordered that the assessment of all other costs await determination after trial.