520 So.2d 1025 (1987)
PETRO POINT 5000, Plaintiff-Appellee,
v.
Frank R. deGRAAUW, Defendant-Appellant.
No. 86-1104.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1026 Book & Beverung, Steve Beverung, Lake Charles, for plaintiff-appellee.
John A. Mouton III, Lafayette, for defendant-appellant.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
DOMENGEAUX, Judge.
Petro Point 5000, a partnership organized under the laws of the State of Louisiana, brought this action against Frank R. deGraauw, seeking to compel specific performance of an "Agreement To Purchase And Sell" executed by the parties. Although the interpretation of the contract in question is not before the Court, it appears to obligate Petro Point 5000 to sell and deGraauw to purchase certain described immovable property for the sum of $38,500.00.
Petro Point 5000 commenced this action in Calcasieu Parish, the situs of the immovable. deGraauw, subsequent to receiving service and without answering, filed a Declinatory Exception of Improper Venue. La. Code Civ.Proc. art. 925 (1960). deGraauw contended that this action should have been brought in the parish of his domicile, rather than the parish in which the immovable is located. Although deGraauw's domicile was never established, deGraauw correctly observed that Petro Point 5000 admitted in its petition that his domicile was a parish other than Calcasieu.
The trial court, in a minute entry, overruled the defendant's exception. deGraauw, thereupon, perfected this appeal.
Initially we must note that, although the decision of the trial court is not a "final judgment," interlocutory judgments are subject to appellate review when the judgment could result in irreparable injury. La.Code Civ.Proc. art. 1918 (1960); La.Code Civ.Proc. art. 2083 (1960) (amended 1984). A decision overruling an exception of improper venue has been held by our Supreme Court and this Court to be an interlocutory judgment rife with the potential for causing irreparable injury. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir.1984). The possibility of irreparable injury exists because appellate courts, subsequent to a trial on the merits, have no practical means for correcting an incorrect ruling on an exception of improper venue.
deGraauw, the defendant-vendee, maintains on appeal, as he did at the hearing on the exception, that Calcasieu Parish, the situs of the immovable, is an improper venue. deGraauw argues that the only appropriate venue for this action is the parish of his domicile. He supports his position by referring us to La. Code Civ.Proc. art. 42 (1960) (amended 1961). Article 42 provides, in part,
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile....
Petro Point 5000, the plaintiff-vendor, disputes deGraauw's assertion that Calcasieu Parish is improper and cites as authority La. Code Civ.Proc. art. 80 (1960) (amended 1984). Article 80, one of the exceptions to the general rules of venue, provides, in part,
A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:

*1027 (1) An action to assert an interest in immovable property, or a right in, to, or against immovable property....
Petro Point 5000 submits that the principal purpose of the contract in issue is the transfer of title to immovable property and for that reason, Calcasieu Parish is a proper venue.
Subsequent to a thorough review of the law and considerable thought on this novel question, we conclude that Calcasieu Parish is not an appropriate venue. This action should be pursued in the domicile of the defendant.
The Louisiana Supreme Court in Hawthorne Oil & Gas Corporation v. Continental Oil Co., 377 So.2d 285, 287 (La. 1979) held that since civil procedure articles 71 through 83 are exceptions to the general rule they are "in derogation of the common right ... [and] must be strictly construed." The Court further stated that "the party claiming the benefit of an exception must bring itself clearly within the exception." Id. at 287.
The plaintiff in Hawthorne, the owner of certain mineral leases on land situated in Vermilion Parish, commenced an action in Vermilion Parish seeking an accounting of money due and either the recission or reformation of a gas purchase contract. The defendant, a corporation with its principal business establishment in Calcasieu Parish, filed an exception of improper venue. The defendant contended that Vermilion Parish, the situs of the immovable on which the mineral leases had been granted, was improper and that the action should have, instead, been brought in the parish of its principal business establishment, Calcasieu. The Court concluded that the gas purchase contract only addressed the sale of a movable and that the action for the recission or reformation of the agreement would have only an incidental affect on the immovable. The Court then held, subsequent to reviewing both articles 42 and 80, that Vermilion Parish was not a proper venue and reinstated the judgment of the trial court sustaining the defendant's exception of improper venue.
We believe that the Hawthorne decision placed on Petro Point 5000 the burden of proving that it was asserting "an interest in ... or a right in, to, or against immovable property." La.Code Civ.Proc. art. 80, supra. We do not believe that the plaintiff has carried its burden.
The plaintiff strongly suggests that we follow the decision of our brethren on the Second Circuit in McMikle v. O'Neal, 183 So.2d 377 (La.App. 2nd Cir.1966). The plaintiff in McMikle brought suit in Tensas Parish seeking a judgment recognizing his right to specific performance of an option contract to purchase immovable property situated in Tensas Parish and ordering the defendants to execute and deliver an act of conveyance. The defendants, a partnership and its individual members, all residents of Richland Parish, interposed a declinatory exception of improper venue. The defendants concluded that since the action sought the specific performance of an option contract it was a personal action and, as such, Tensas Parish, the situs of the immovable, was an improper venue.
The Court, at variance with the reasoning of the defendants, held that Tensas Parish was an appropriate venue. The Court stated that "[w]e cannot subscribe to the contention that this action for specific performance which has for its principle purpose the transfer of title to real property should not be governed by what appears to be the very plain and explicit mandatory provision [of article 80]." Id. at 380.
While we agree with the McMikle decision, we do not believe that it is analagous to the facts of the instant case. The plaintiff in McMikle was an optioneepurchaser. He sought, through the enforcement of his rights under the option contract, to obtain title to immovable property in Tensas Parish. We believe that the plaintiff in McMikle was in fact asserting an "interest in ... or a right in, [or] to ... immovable property" in Tensas Parish. La.Code Civ. Proc. art. 80, supra.
The plaintiff in the instant case, on the other hand, was not the optioneepurchaser of immovable property but, rather, was the seller. Petro Point 5000 did not bring *1028 suit to obtain title to the property at issue but, instead, brought suit to obtain the sum it alleges is due under the contract. The primary purpose of Petro Point 5000's suit is not, therefore, the transfer of title to immovable property but, rather, is the recovery of the sum which it alleges to be the agreed upon purchase price.
The legislature, when it enacted article 80, did not intend that a defendant should be called into an alien venue and compelled to defend against allegations of ownership of immovable property. It is understandable that an owner of immovable property not domiciled in the parish in which the immovable is located might be called upon to defend in the courts of the situs of the property his interest in the immovable. It is, however, unreasonable to require one who is neither domiciled in nor alleges any interest in immovable property in a particular parish to be expected to defend an action in that parish simply because a plaintiff alleges he possesses an interest in immovable property in that parish. Requiring a defendant-purchaser to contest a suit in which the plaintiff alleges that the defendant has an interest in, or a right in, to, or against immovable property, does not meet the dictates of article 80.
For the above and foregoing reasons, the judgment of the district court overruling the declinatory exception of improper venue of Frank R. deGraauw is reversed.
Accordingly, it is Ordered that this case be remanded to the district court with instructions that the Court dismiss this suit, or in the interest of justice, transfer it to a Court of proper venue, pursuant to the authority of La.Code Civ.Proc. art. 121 (1960).
All costs, at trial and on appeal are assessed against the plaintiff-appellee, Petro Point 5000.
REVERSED AND RENDERED.