572 So.2d 183 (1990)
Glen Edward GREZAFFI
v.
R. Craig SMITH.
No. CA 89 1467.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
*184 Joseph Major Thibaut and John Wayne Jewell, New Roads, for plaintiff-appellee.
David L. Guerry, Powers, Vaughn & Clegg, Baton Rouge, for defendant-appellant.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
This is an appeal of a judgment overruling the dilatory exception of improper venue.

FACTS
Glen Edward Grezaffi, a landowner in Pointe Coupee Parish, filed suit for specific performance of an alleged agreement to purchase property in Pointe Coupee Parish against R. Craig Smith, the alleged vendee in the agreement to purchase. The action was filed in the Parish of Pointe Coupee, the situs of the immovable property. In his petition, the plaintiff states that Smith is domiciled in East Baton Rouge Parish. Smith filed an exception of improper venue arguing that the only proper venue is where he is domiciled. The trial court overruled the exception and this appeal was taken.
The sole issue for review is whether an action for specific performance of an agreement to purchase property by the vendor, seeking to enforce the agreement and require the vendee to purchase the property, is an action that falls within La.C.C.P. art. 80 as an exception to the general venue provision.

ANALYSIS
La.C.C.P. art. 42 states in part that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence, ...
La.C.C.P. art. 43 states:
The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law.
La.C.C.P. art. 80 provides that an action to assert an interest in immovable property, or a right in, to, or against immovable property may be brought in the parish where the immovable property is located or in the parish where the defendant is domiciled.
Exceptions to the general rule of venue must be strictly construed and the party claiming benefit of an exception must be clearly within the exception. Hawthorne Oil and Gas Corp. v. Continental Oil Co., 377 So.2d 285 (La.1979).
The trial court denied the exception of improper venue, in essence, holding that the plaintiff's suit involved an interest in or a right to immovable property, thus bringing it within the purview of La.C.C.P. art. 80. We disagree.
Our brethren in the Third Circuit considered this issue in Petro Point 5000 v. deGraauw, 520 So.2d 1025 (La.App. 3d Cir. 1987). In Petro Point, the vendor sought to recover the sum due under an agreement to purchase immovable property. The action was filed in the parish of the situs of the immovable property. The court in Petro Point distinguished a suit by the seller to recover the sum due under an agreement to purchase immovable property from an action by the purchaser to assert an interest in property as a result of an agreement to purchase. The court found that the primary purpose of the suit was not to obtain the transfer of immovable property, but instead, to recover the sum allegedly due from the purchase agreement. The court held that it was unreasonable to allow a seller to allege that a prospective purchaser possesses an interest in immovable property by virtue of an agreement to purchase, requiring defense of the suit in a parish where the prospective purchaser is not domiciled, does not own immovable *185 property and does not assert any interest in immovable property.
The plaintiff relies on McMikle v. O'Neal, 183 So.2d 377 (La.App. 2nd Cir. 1966). McMikle is distinguishable because it is an action by an optionee-purchaser asserting a right in immovable property through an option to purchase. Although cleverly phrased as an action to transfer title and assert a mortgage and vendor's lien, here the appellee's action is to recover the sum due it under the agreement. It would be unreasonable to allow the seller to use La.C.C.P. art. 80 to obtain an additional venue situs by alleging that an interest in property is involved when the relief sought is actually an attempt to recover a sum due under an agreement and the defendant is not claiming any interest in the property.
The judgment of the trial court overruling the declinatory exception of improper venue is reversed. We remand to the trial court to dismiss the action, or in the interest of justice, transfer it to a court of proper venue. La.C.C.P. art. 121.
All costs of this appeal are assessed against the appellee.
REVERSED AND REMANDED.