RCARTER, Judge.
This is an appeal from a trial court judgment granting a motion for summary judgment in a suit for specific performance.

FACTS

On June 16, 1988, plaintiff, Glenn Edward Grezaffi, entered into a purchase agreement with defendant, R. Craig Smith, for the sale of a 2.536-acre tract of land located in Pointe Coupee Parish for $60,864.00.[1] The sale was to take place on September 1, 1988. Among other things, the purchase agreement was contingent upon the rezoning of the property as “R-4” and the release of the existing mortgage upon the execution of the act of sale. On August 9,1988, the 2.536-acre tract of property was rezoned as “R-4.” Thereafter, Smith failed to execute the act of sale for the purchase of the property.
On October 26, 1988, Grezaffi filed the instant suit for specific performance in Pointe Coupee Parish. In response thereto, Smith filed a declinatory exception pleading the objections of insufficiency of service of process and improper venue. By judgment dated April 6, 1989, the trial judge overruled the objections. From this adverse judgment, Smith appealed. The trial court judgment on the issue of improper venue was reversed by the appellate court. 572 So.2d 183. By judgment dated March 12, 1991, the matter was transferred from the 18th Judicial District Court to the 19th Judicial District Court.
Thereafter, Smith filed an answer to Gre-zaffi’s petition and alleged that Grezaffi had intentionally interfered with his rights to obtain zoning on other projects.[2]
On July 22, 1992, Grezaffi filed a motion for summary judgment. Attached to Grezaf-fi’s motion for summary judgment were Rthe purchase agreement, a copy of a plat of the Grezaffi property, an affidavit by Grezaffi, an affidavit by Joseph B. Laurent, the minutes of the city council meeting, an affidavit by John Donald LeBlane, a copy of the demand letter, and a title opinion by James C. Dewey-
In opposition to Grezaffi’s motion for summary judgment, Smith alleged that the purchase agreement was null and void because of lack of consent in that his consent had been induced by duress. Attached to Smith’s opposition was an affidavit by Smith and a copy of a purchase agreement executed between Smith and Luke J. Grezaffi, a brother of Glenn Grezaffi, who owned the property in close proximity to the property which is the subject of the instant suit.
On September 18, 1992, the hearing on the motion for summary judgment was held. After considering the evidence and argument of counsel, the trial court rendered judgment on October 15, 1992, granting Grezaffi’s motion for summary judgment and ordering Smith to pay Grezaffi $64,864.00 plus legal interest from September 1, 1988, until paid. The judgment also ordered Smith to appear at a specific time and place to execute the appropriate documents transferring title of the 2.536-acre tract from Grezaffi to Smith. The trial judge also cast Smith for all costs.
Thereafter, Smith filed a motion for new trial, alleging that the judgment granted *212 Grezaffi more rights than he had under the purchase agreement. The new trial was granted, and, on April 14, 1993, the trial court rendered judgment in favor of Grezaffi and against Smith as follows:
1. Smith was ordered to pay Grezaffi the sum of $15,000.00 on or before April 15, 1993, and $45,864.00 at 12% interest in eighteen months from April' 15, 1993.
2. Smith was also ordered to appear on or before April 15, 1993, to execute an act of sale to effectuate a transfer of the property from Grezaffi to Smith.
3. Smith was ordered to pay Grezaffi legal interest on the $15,000.00 from October 26, 1988, until paid.
144. Smith was ordered to pay Grezaffi legal interest on the $45,864.00 from April 26, 1990 through April 15, 1993.
From this adverse judgment, Smith appeals, assigning the following errors:
1. The trial court erred in granting plaintiffs Motion for Summary Judgment and finding that there existed no genuine issiles of material fact.
2. The trial court erred in ordering specific performance of a contract which was invalid.

SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if it is essential to the plaintiffs cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136-37 (La.1991). To satisfy this bui’den, the mover must meet a strict standard by Rshowing that it is quite clear as to what the truth is and excludes any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
Summary judgments are not favored and should be used cautiously and sparingly, and any reasonable doubt should be resolved against the mover. Penalber v. Blount, 550 So.2d at 583; Hollis v. City of Baton Rouge/Parish of East Baton Rouge, 593 So.2d 388, 389 (La.App. 1st Cir.1991). In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of tidal on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party’s ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party oppos *213 ing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).

DISCUSSION

Two Civil Code articles expressly address sales and promises to sell.
LSA-C.C. art. 2456 provides as follows:
The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.
LSA-C.C. art. 2462 provides, in pertinent part, as follows:
A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
These articles clearly establish that a sale exists as between the parties when there is agreement as to the object and the price and that, even if there is only a promise to sell, it may be specifically enforced by either party. Succession of Dunham, 393 So.2d 438, 445 (La.App. 1st Cir.1980), affirmed in part, reversed in part on other grounds, 408 So.2d 888 (La.1981). The inquiry must always be whether or not there existed a reciprocal consent as to the thing, the terms, and the price. Dunaway v. Woods, 470 So.2d 574, 577 (La.App. 1st Cir.1985); Wallace v. Lafourche Parish School Board, 394 So.2d 1329, 1330 (La.App. 1st Cir.1981).
A major requirement of one who seeks specific performance is proper performance of his part of the contract. Thompson v. Johnson, 602 So.2d 272, 274 (La.App. 2nd Cir.1992). In the absence of proper performance, plaintiffs must prove that they are and were ready to comply with whatever obligations devolved upon them to perform. Thompson v. Johnson, 602 So.2d at 274. The courts are bound to enforce the contract as written. Cooper v. Olinde, 565 So.2d 978, 983 (La.App. 1st Cir.), writ denied, 569 So.2d 966 (La.1990). The burden of proof in an action for breach of contract is on the party claiming rights under the contract. The existence of the contract and its terms must be proven by a ^preponderance of the evidence. See Baxter v. Zeringue, 501 So.2d 327, 329 (La.App. 5th Cir.), writ denied, 504 So.2d 879 (La.1987); Phillips v. Insilco Sports Network, Inc., 429 So.2d 447, 449 (La.App. 4th Cir.1983); North American Contracting Corporation v. Gibson, 327 So.2d 444, 449 (La.App. 3rd Cir.1975), writ denied, 332 So.2d 280 (La.1976); New Orleans Silversmiths, Inc. v. Wormser, 258 So.2d 592, 593 (La.App. 4th Cir.1972); Walters v. Edwards, 212 So.2d 749, 754 (La.App. 1st Cir.1968).
In the instant case, the record clearly reveals that Grezaffi and Smith entered into a written agreement for the purchase of the 2.536-acre tract in Pointe Coupee Parish. The agreement set forth the thing and the price. However, Smith contends that there was no mutual consent because his consent was vitiated by duress.
Consent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party’s person, property, or reputation. LSA-C.C. art. 1959; Wolf v. Louisiana State Racing Commission, 545 So.2d 976, 980 (La.1989); Cagle v. Loyd, 617 So.2d 592, 598 (La.App. 3rd Cir.), writs denied, 620 So.2d 877 (La.1993); Adams v. Adams, 503 So.2d 1052, 1057 (La.App. 2nd Cir.1987). Age, health, disposition, and other personal circumstances of a party must be taken into account in determining the reason *214 ableness of the fear. LSA-C.C. art. 1959; Adams v. Adams, 503 So.2d at 1057.
Duress results when “a person makes an improper threat that induces a party who has no reasonable alternative to manifest his assent. The result of this type of duress is that the contract that is created is voidable by the victim.” LSA-C.C. art. 1959, official comment (b); Wolf v. Louisiana State Racing Commission, 545 So.2d at 980. The threat of doing a lawful act or a threat of exercising a right does not constitute duress. LSA-C.C. art. 1962; Adams v. Adams, 503 So.2d at 1057. However, a threat of doing an act that is lawful in appearance only may constitute duress. Wolf v. Louisiana State Racing Commission, 545 So.2d at 980.
| gin the instant ease, in support of his motion for summary judgment, Grezaffi presented his own affidavit, a copy of the purchase agreement, a copy of a plat of the Grezaffi property, an affidavit by Joseph B. Laurent, the minutes of the city council meeting, an affidavit by John Donald Le-Blanc, a copy of the demand letter, and a title opinion by James C. Dewey.
The affidavit of Grezaffi reveals that he is the owner of the 2.536-acre tract of land in Pointe Coupee Parish. On June 16, 1988, he entered into a purchase agreement with Smith for the sale of the 2.536-acre tract of land. A copy of the purchase agreement was attached to Grezaffi’s affidavit. Grezaffi further stated that the property was rezoned as “R-4” by the City Council and that the Bank of New Roads agreed to release the mortgage on the property upon execution of the act of sale. According to Grezaffi, prior to the date on which the act of sale was to be consummated, he informed Smith of these facts and advised Smith that he stood ready, willing, and able to fulfill his obligations under the terms of the purchase agreement. Grezaffi further stated that, to date, Smith has refused to comply with the purchase agreement.
In his affidavit, Joseph B. Laurent, seere-tary/treasurer of the City of New Roads, stated that, at the regularly scheduled meeting of the City Council of the City of New Roads on August 9, 1988, the Grezaffi property was rezoned “R-4.” Attached to Laurent’s affidavit was a copy of the minutes of the council meeting.
The affidavit of John Donald LeBlanc, loan officer at the Bank of New Roads, revealed that the bank held a mortgage on the Grezaf-fi property sought to be transferred to Smith. According to LeBlanc, prior to September 1, 1988, Grezaffi informed him that the mortgaged property was to be sold to Smith and requested that the mortgage on the property be released. LeBlanc stated that, upon the closing of the sale and application of the proceeds to the debt owed to the Bank of New Roads, the mortgage would be released.
19Smith’s affidavit revealed that, in the fall of 1987, he entered into a purchase agreement with Luke J. Grezaffi for property in close proximity to the property which is the subject of the instant suit. Smith stated that he signed the purchase agreement with Luke Grezaffi to build a Farmers Home rental-assisted elderly housing complex. Smith further stated that he subsequently engaged numerous professionals to complete the necessary financing to acquire the property and fund the construction. Smith also stated that he filed an application with the Farmers Home Administration for financing and obtained approval to begin the project. Subsequent thereto, Luke Grezaffi filed an application for rezoning of the property with the City of New. Roads. According to Smith, he was then contacted by Glenn Grezaffi, plaintiff in the instant suit, and Grezaffi’s sister regarding their opposition to the rezoning application, which Smith stated was based upon internal strife within the Grezaffi family. Smith stated that Grezaffi and Grezaffi’s sister threatened him in that “if Luke Gre-zaffi did not purchase the land owned by Glenn Grezaffi which was contiguous to the property ... [Smith] had previously agreed to purchase from Luke J. Grezaffi, then Glenn Grezaffi and his sister would use their influence with the New Roads Planning and Zoning Commission and City Council to oppose the rezoning requests filed” by Luke Grezaffi. Smith further stated that it was made clear to him that his application for rezoning would be denied if Grezaffi and *215 Grezaffi’s sister opposed the application for rezoning. Smith also stated that, faced with the prospect of losing his ability to build and complete the development and the associated monetary losses caused by Grezaffi’s threats, he executed the purchase agreement with Grezaffi.
After reviewing the record and the evidence submitted, we find that no genuine issues of material fact exist and that reasonable minds must inevitably conclude that Grezaffi is entitled to judgment as a matter of law. The record reveals that Grezaffi showed that he is and was ready to comply with the obligations | ^devolved upon him to perform. The property had been rezoned as “R-4,” and the existing mortgage would be released upon the execution of the act of sale. Although Smith alleged that his consent to the agreement was vitiated because of duress, the record unequivocally established that the alleged economic duress was not of the type sufficient to vitiate his consent. As a landowner in the area, Grezaffi had a legal right to oppose the rezoning of the property. Informing Smith that he would oppose the rezoning was not a threat. Accordingly, we find that the trial judge properly granted the motion for summary judgment.

CONCLUSION

For the above reasons, the judgment of the trial court, granting Grezaffi’s motion for summary judgment is affirmed. Smith is cast for all costs of this appeal.
AFFIRMED.

. The agreement provided that Smith would pay $15,000.00 cash at the time of the execution of the act of sale and that Grezaffi would finance $45,864.00 at 12% interest for eighteen months.

. In his answer, Smith alleges, by appellation, the defenses of failure of consideration, estoppel, and set-off. However, his answer also alleges specific facts which give rise to the defense of duress.